No. 20,048.

LIZZIE B. PIATT, *Appellant,* V. FRANK A. FLAHERTY et al.,
*Appellees.*

SYLLABUS BY THE COURT.

1. EXECUTION—*Sale—Period of Redemption Reckoned from "Day of Sale."* Under the provisions of section 476 of the civil code, giving the owner of real property sold on execution the right to redeem the same within eighteen months from the day of sale, the redemption period is reckoned from the day on which the property is stricken off by the officer making the sale rather than from the time when the sale is confirmed.

2. SAME—*Sale Set Aside—Order Setting Aside Sale Vacated—Extension of Time for Redemption.* Where a sale has been set aside by the district court and afterwards the order setting aside the sale is vacated and the sale confirmed and an appeal is taken from the latter order and the litigation is continued until after the statutory period has expired it is competent for the court to give the owner an opportunity to redeem within a reasonable time after the litigation as to the right to redeem has been concluded.

Appeal from Pawnee district court; ALBERT S. FOULKS, judge. Opinion filed June 12, 1915. Modified. Opinion modifying original judgment and denying a rehearing filed June 22, 1915. (See post, p. 46.)

*C. M. Williams,* of Hutchinson, for the appellant.
*Charles E. Lobdell,* of Great Bend, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: Does the eighteen months' period of redemption provided by statute begin to run at the date of the sale or at the date of the confirmation of the sale? is the principal question involved in this appeal.

The material facts in this case appear to be that a default judgment for $690 in plaintiff's favor against defendants Frank A. and Ella Flaherty was rendered on March 4, 1912, and a mortgage upon certain property given to secure the debt was foreclosed. A judgment by default was also rendered in favor of defendant The Central States Life Insurance Company upon three notes amounting, at that time, to $2636.80, $2636.80 and $4127.15, respectively, and mortgages upon the

same property covered by plaintiff's mortgage and other property in addition given to secure the notes were foreclosed. The judgment of The Central States Life Insurance Company was adjudged a first lien upon all the property, that of the plaintiff a second lien upon the particular property, and another default judgment in favor of the Gaar-Scott Company for $1731 a third lien upon all the property. The land was duly advertised for sale, and that part covered by plaintiff's judgment sold on March 5, 1913. On May 26, 1913, the Gaar-Scott Company moved to set aside the sale, and on November 4, 1913, the sale was set aside without notice to the plaintiff. On January 31, 1914, plaintiff moved to confirm the sale, but she afterwards learned that the sale had been set aside, and on October 15, 1914, filed her motion and notice to all defendants to set aside the order vacating the sale. On November 4, 1914, the court set aside the order vacating the sale, defendants Frank A. and Ella Flaherty appearing specially and objecting to the jurisdiction of the court. On January 11, 1915, over the objection of defendants Frank A. and Ella Flaherty, who appeared specially, the court confirmed the sale and ordered that they should have eighteen months from that day in which to redeem.

The statutory provision, so far as it applies to this controversy, reads as follows:

"The defendant owner may redeem any real property sold under execution, special execution, or order of sale, at the amount sold for, together with interest, costs, and taxes, as provided for in this act, at any time within eighteen months from the day of sale as herein provided, and shall in the meantime be entitled to the possession of the property." (Civ. Code, § 476.)

There is little room for interpretation of the language used in the provision. The period of redemption is to be reckoned "from the day of sale" and not from the time of confirmation of the execution of the deed. The ordinary meaning of the phrase, "from the day of sale," is the day when the offer is made by the purchaser and accepted by the officer, that is, the day when the property is stricken off by the officer making the sale. This is the meaning generally applied to the term when used in connection with an execution or judicial sale. Defendants Flaherty insist that the day of sale is the time when the sale is completed by confirmation, but confirmation itself does not give the right of possession nor complete the

transfer of the title where there is a right of redemption. In such a case only a certificate is issued and a deed is not executed until the period of redemption has expired. In common understanding the day of sale is not the day of confirmation nor yet the day on which the deed is made and the transfer of the title completed. While confirmation is a necessary step in perfecting a judicial sale and the transfer of title, it usually occurs days after the sale is made and at the following term of court. If the legislature had intended that redemption should be reckoned from the completion of the sale or its confirmation, it would seem that some other form of expression would have been used.

While the statutory period of redemption must be reckoned from the time when the property is stricken off by the officer, it does not follow that a court of equity may not, under certain circumstances, extend the period of redemption. It is the duty of the courts to see that parties are not deprived of the right of redemption given by statute on account of delays which are the result of proceedings in the court to determine questions affecting the right of redemption. It would seem that the time might be extended by agreement of parties (27 Cyc. 1815), and perhaps a party by his conduct might estop himself from objecting to a reasonable extension of time in which to redeem. In *Neef v. Harrell,* 82 Kan. 554, 109 Pac. 188, the trial court declared a lien upon land and adjudged that the land should be sold subject to the statutory right to redeem and specifically fixed the period of redemption at eighteen months when under the law only six months' time should have been given for that purpose. The plaintiff appealed from the order allowing eighteen months for redemption, and on the appeal it was determined that the redemption period in such a case was six months, and that time had expired when the decision was made. It was held, however, that the defendant should not lose his right of redemption on account of the action of the trial court, but that he was entitled to an opportunity to exercise the right after the final judgment in the case had been entered. It was determined that four weeks after the decision was announced was a reasonable time, and the period of redemption was extended that length of time. In *Quinton v. Adams,* 87 Kan. 112, 123 Pac. 740, where redemption was interrupted by an appeal from an order setting aside a sale

which resulted in the reversal of the order and a direction to confirm the sale, the statutory period of redemption had expired long before the appeal was determined, and it was insisted that the right to redeem had been lost. The court, however, held that the defendant was entitled to an opportunity to redeem after the appeal was decided and the mandate entered, and accordingly about two weeks' time was given in which to exercise the right. The rule in these cases controls this one. The sale, as we have seen, was made on March 5, 1913, and the eighteen months' redemption period expired on September 5, 1914. On November 4, 1913, and without notice to plaintiff, the court set aside the sale. On November 4, 1914, the court vacated the order setting aside the sale, and on January 11, 1915, the sale was confirmed and the court, proceeding on the theory that the time of redemption should be reckoned from the confirmation of the sale, ordered that redemption might be made within eighteen months after that time. The action of the court in setting aside the sale and then vacating that order, leaving the time of redemption in a state of doubt, and the protracting of the litigation by an appeal from the order as to the time of redemption afford good grounds for extending the time of redemption a reasonable time after the conclusion of the litigation. It is contended on this appeal that the court erred in vacating the order setting the sale aside after the term in which the order was made. The final judgment in the foreclosure proceeding was not disturbed. The ruling vacating the order was upon a matter which was incidental to the execution of the judgment. The judgment had not been executed, and the parties were still in court and required to appear on notice in proceedings looking towards the carrying out of the decree of foreclosure. One of the grounds of the motion was that no notice of the motion to set aside the sale was given, and that the order was therefore invalid. It was competent for the court to take up the motion to set aside the order upon due notice at any time before the foreclosure proceeding was concluded and the litigation ended. The decision of the court giving defendants Flaherty eighteen months after the confirmation of the deed can not be sustained. They will, however, be given what is deemed a reasonable time after this decision is made in which to redeem.

The decision of this court is, therefore, that the judgment

of the district court is modified and the time for redemption is extended until August 15, 1915, and it is further ordered that if the property is not redeemed on or before that date the sheriff shall execute a deed to the purchaser.

OPINION MODIFYING ORIGINAL JUDGMENT AND DENYING A
REHEARING.

Filed June 22, 1915.

*Per Curiam:* Upon the motion for rehearing the judgment herein extending the time for redemption until August 15, 1915, is modified to the extent that if the property is not redeemed on or before that date the sheriff shall execute a deed to the purchaser, but defendants Flaherty will be permitted to go upon the premises for the sole purpose of harvesting and removing the annual crop previously planted by them, paying to the purchaser at the sheriff's sale a landlord's share of the crop, that is, the usual and customary rental of lands in that community.