No. 22,104.

THE ADVANCE-RUMELY THRESHER COMPANY, *Appellee*, v. L. JUDD et al. (ANNA PFANNENSTIEL, Intervener, *Appellant*.)

SYLLABUS BY THE COURT.

1. PARTITION—*Jurisdiction of Court to Do Equity*. As a general rule, a court in decreeing partition has power to adjust the equitable rights of all the parties interested in the estate, so far as they relate to and grow out of the relation of the parties to the common property.

2. SAME—*Judicial Sale—Mistake in Amount Necessary to Redeem—Tender of Balance—Redemption Allowed*. In a suit for partition, the findings show that plaintiff originally owned an undivided one-third interest in the land, consisting of a quarter section, and attempted in good faith to redeem its interest from the lien of a judgment foreclosing a mortgage on the quarter, but by mistake took the amount of the judgment as the basis for estimating the amount necessary to redeem, whereas the land had sold for $63.37 more than the judgment, interest, and costs. The court determined the amount necessary to redeem, gave plaintiff credit for two-thirds of the taxes advanced by it prior to the foreclosure, and credit for one-third of the excess in the hands of the clerk, and after allowing the defendant, who claimed to be the owner of the entire quarter by virtue of a manual transfer of the

certificate of sale in the foreclosure, credit for taxes paid by her, found there was a deficiency of $8.46 in the amount of redemption money remaining in the hands of the clerk. *Held,* it was not error to render judgment providing that, upon payment of the deficiency, plaintiff should be decreed to be the owner of a one-third interest, and ordering partition.

3. SAME. There is no hard or fast rule as to the amount of deficiency which a court of equity may regard under all the circumstances of the case as too small to prevent redemption.

4. SAME—*Equitable Interest of Appellant in Land.* In view of the findings as to the manner in which the defendant acquired her interest in the property, which formerly belonged to her sons, there was no error in allowing plaintiff credit for two-thirds of the taxes advanced prior to the foreclosure sale.

5. SAME—*Jurisdiction—Cotenancy.* While cotenancy is indispensable to confer jurisdiction in partition, the mode by which it is created is immaterial.

6. JUDICIAL SALE—*Redemption—Interest of Purchaser Fully Protected.* The defendant, who claimed to be the transferee of the bid at the foreclosure sale, is held to have no just cause of complaint by a judgment which gives back to her the full amount of the bid with interest, since she acquired her rights with notice of the plaintiff's right to redeem, and of the power of a court of equity in the interest of justice to prevent a forfeiture where a party has attempted in good faith to redeem, but has not complied strictly with the provisions of the statute of redemption.

Appeal from Ellis district court; JACOB C. RUPPENTHAL, judge. Opinion filed May 10, 1919. Affirmed.

*A. D. Gilkeson,* of Hays, *Lee Monroe, James A. McClure,* and *C. M. Monroe,* all of Topeka, for the appellant.

*E. C. Ellis, Hale H. Cook,* and *Roy K. Dietrich,* all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

PORTER, J.: The action was for partition of a quarter section of land in Ellis county. In 1911, the land belonged to Anton Schreibvogel and his brother John, Anton owning an undivided two-thirds interest, and John an undivided one-third. The appellant is their mother, formerly Mrs. Schreibvogel, now Mrs. Pfannanstiel, who claims to be the sole owner of the land.

In 1911, the Advance Thresher Company sued John and attached his interest in the land, and recovered a judgment

against him for $3,332.55. An execution issued, and at the
sheriff's sale John's interest was bid in by the M. Rumely Com-
pany, which paid $91.45 taxes then due on the quarter section,
and subsequently received a sheriff's deed for an undivided one-
third interest. The title remained in this condition until 1915,
when L. Judd brought an action to foreclose a mortgage cover-
ing the whole quarter section, and secured a judgment for
$703.97. Under the foreclosure judgment the land was sold
subject to eighteen months' redemption, and was bid in by
Anton Schumacher for $900. He paid the money to the sheriff,
and took a receipt. The amount of his bid exceeded the amount
due at the time of the sheriff's sale by $63.37; this balance re-
mained in the hands of the clerk, and belonged, of course, to
the owners of the land.

In the meantime the Advance-Rumely Thresher Company
had become the successor in interest of the M. Rumely Com-
pany and held the sheriff's deed for a one-third interest in the
land, under the judgment against John Schreibvogel. On No-
vember 17, 1916, its attorneys wrote the clerk, submitting
their figures on the amount necessary to redeem a one-third
interest in the land, and asked him to check over the state-
ment and let them know whether the items and amounts were
correct. The figures they submitted were as follows:

"Judgment, rendered Apr. 26, 1915.......................... $703.97
Interest at 8% to Nov. 26, 1916.............................   89.21
Costs, including taxes, etc.................................  118.58

                                                             $911.76
One-third necessary for Rumely to pay to redeem............ $303.92"

The clerk answered that he found the figures correct, and
on November 24, 1916, the attorneys forwarded a draft for
$303.92, and an affidavit stating that the appellee was the
owner of the rights of the Advance Thresher Company and
the M. Rumely Company under the judgment against John
Schreibvogel, and desired to redeem. The clerk still retains
the redemption money, and no claim to it has been made by
any one.

Schumacher was made a defendant in this action, but dis-
claimed any interest in the land, and alleged that he had trans-
ferred his interest to Mrs. Pfannenstiel. She filed her inter-

vening petition, and contends that appellee's rights to any interest in the land are barred by the foreclosure judgment and the failure to redeem therefrom, because the amount deposited for redemption was less than the amount of the judgment, interest, costs, and taxes.

The trial court was not at all satisfied with the showing made by Mrs. Pfannenstiel as to how she acquired the two-thirds interest of her son, Anton, in the land, and found that Anton Schumacher, who bid in the land at the foreclosure sale, was her brother; that after the sale, he turned over the sheriff's receipt for the $900 to one Herl, a brother-in-law of the appellant; and that Herl handed it to her. The court found that after the expiration of the eighteen months' period of redemption, Mrs. Pfannenstiel claimed to have purchased of Anton Schumacher the quarter section in controversy, but that the amount paid, if anything, had not been shown; that the foreclosure sale was confirmed July 23, 1915, but no certificate of purchase nor deed was issued or requested by any one, and the only evidence of purchase of an interest in the land by appellant was the turning over and manual delivery of the sheriff's receipt. The court also found that the appellant did not claim any additional rights as an innocent purchaser, but only such rights in the property as Anton Schumacher gained by virtue of his bid at the sheriff's sale and the payment of the money.

In the conclusions of law, the court held that Mrs. Pfannenstiel had not shown clearly such an equitable interest in the land as to entitle her to interpose as a defense the irregularities in the proceedings by which the appellee had undertaken to redeem the undivided one-third interest. But the court held that by reason of the failure of the pleadings or evidence to controvert her claim of ownership, or to show what title or right she did acquire by the transfer of the sheriff's receipt, she was the owner of an undivided two-thirds interest in the land, and entitled to the money paid into court by the appellee to redeem the other one-third interest.

One fact found by the court is that the attempt to redeem by the appellee was made in good faith, but that the attorneys, as well as the clerk, took the amount of the judgment, interest, costs and taxes as a basis, instead of the amount for which the land was sold at the sheriff's sale, with interest and taxes.

The court determined that on November 26, 1916, the amount necessary to redeem was $394.46, including taxes for 1915 and 1916 unpaid; and that appellee should be given credit for two-thirds of $91.45, taxes paid to redeem the land in 1913, and credit for one-third of the excess in the bid of $900 at the sheriff's sale. After allowing appellee these credits, and credit to the appellant for the taxes she had paid, the court found there was a deficiency of $8.46 in the amount of redemption money remaining in the hands of the clerk, but held that this sum was "too small to be permitted in equity to defeat the rights and claims" of the appellee as the owner of a one-third interest in the land. Upon payment into court of the sum of $8.46, the appellee was decreed to be the owner of a one-third interest, and the land was ordered partitioned.

It is well settled that in decreeing partition the court has power to adjust the equitable rights of all the parties interested in the estate, so far as they relate to and grow out of the relation of the parties to the common property, and will make allowance for the payment of money made on account of the property. In *Scantlin v. Allison,* 32 Kan. 376, 379, 4 Pac. 618, it is said:

"It must also be remembered that this is an action for partition; and in such actions courts may generally do equity and justice between the parties."

(To the same effect, see 21 A. & E. Encyc. of L. 1170, 1171.)

Thus, it has been held that in partition a cotenant is entitled to an allowance for payments made by him for the benefit of the common property, such as taxes, assessments, the satisfaction of liens, and the like. A court of equity has power to require the parties to make contribution for moneys paid for the benefit of joint tenants and tenants in common. (*Leake v. Hayes,* 13 Wash. 213.)

The appellant insists that the court had no power to allow appellee credit for $21.12, its share of the excess amount of the bid which came into the hands of the clerk. It is true that the clerk could not have applied this sum on the redemption, nor have paid it to appellant, until there had been some adjudication by the court. But this is not a suit for the sole purpose of enforcing a statutory right to redeem; as already remarked, it is a suit for partition, in which the court balances the equities

between the parties. Once it is conceded that the court, under such circumstances, is not bound to a rigid enforcement of the statute, and may relieve the party who in good faith has attempted to redeem, but has failed to follow the strict letter of the statute, the question is fully opened up for equitable considerations. Moreover, there is no hard or fast rule as to the amount of deficiency which a court of equity may regard under all the circumstances as too small to prevent redemption. If the item of $21.12 were thrown out of the consideration, upon the theory that it required an order of the court to authorize the clerk to pay it to the party entitled to the redemption money, the fact would not change the result. In *Loomis v. Supply Co.,* 99 Kan. 279, 161 Pac. 627, the amount paid was deficient to the extent of more than $25, and it was held that inasmuch as the attempt showed abundant evidence, of a purpose in good faith to do whatever the law required to effect a valid redemption, notwithstanding the highest degree of diligence was not shown, a court of equity in the interest of justice might give relief against so severe a penalty as the forfeiture of all interest in the property. It was said in the opinion that this was especially true, "in view of the facts that the holder of the certificate of purchase suffered no possible injury beyond a slight delay in receiving the money, and that a readiness to make good the shortage was shown as soon as attention was called to the matter." (p. 281.)

Although the payment of taxes by the appellee for 1913 did not inure to the benefit of appellant, for the reason that her son then owned the two-thirds interest, and she had no interest, the court was authorized to take an accounting between the parties, and appellant was duly credited with taxes advanced by her after redemption. She has no just ground of complaint, unless upon the theory that the court arrived at the amount of the deficiency in the redemption money by considering the amount paid by the appellee for taxes. In view of the findings as to the manner in which she acquired her interest, indicating that the court doubted whether or not the whole arrangement was not a family one to protect the interest of the two sons in the land, we think it cannot be said it was error to allow appellee credit for these taxes.

It is seriously argued that the court had no jurisdiction to permit a redemption. It is said that this was a suit for partition, founded upon the theory that appellee was a cotenant and had an estate in the land; and when it became apparent that appellee had no such interest, the court's jurisdiction at once failed. Authorities are cited to the effect that cotenancy is indispensable to confer jurisdiction in partition. (*Love v. Blauw*, 61 Kan. 496, 59 Pac. 1059, and kindred cases.) Decisions from other courts are cited to the effect that in order to maintain a suit for partition in behalf of one who claims only an equitable title, it is essential that his equity be complete, "such as entitles him to demand a conveyance." The whole argument, in our view, amounts to nothing more than a restatement of the contention that because it developed upon the trial that appellee had not complied strictly with the statute, it had lost all right or interest in the land. It is said in 30 Cyc., page 188: "The fact of the cotenancy is essential; the mode of its creation immaterial." It is urged, however, that because of its failure to redeem by paying the full amount, appellee had, at most, nothing more than an equitable right to have redemption completed, and that this right was not sufficient to give the court jurisdiction to entertain a suit for partition. It is quite evident that when appellee brought the action, it was not aware of the mistake in estimating the amount necessary to redeem (and proceeded upon the theory that it was the owner of an undivided one-third interest in the land, and, besides, had as such owner redeemed from the foreclosure judgment), and that its attention was first challenged at the trial to the fact that it had not paid the full amount necessary to redeem. In *Sawin v. Osborn*, 87 Kan. 828, 832, 126 Pac. 1074, it was said, in reference to the provision of section 648 of the code:

"Under this provision the court may partition the property on the broad principles of equity which govern courts in the administration of justice."

We are unable to discover at what point in the case a court of equity could be said to have lost jurisdiction.

The appellant urges that the redemption law gives a purchaser at judicial sale some rights, and that she is entitled to expect that if she invests her money at a sheriff's sale, she

will obtain title or receive back her money within a specified time, with interest. Assuming that the appellant paid to Schumacher the amount of his bid, she has no just cause of complaint; the decree gave back to her the full amount of the money she advanced, and interest. She purchased with notice of the appellee's right to redeem, and of the power of a court of equity in the interest of justice to give relief against the hardships which she now insists upon.

The judgment is affirmed.