## YOUNG *v.* UNION JOINT STOCK LAND BANK OF DETROIT.

1. MORTGAGES—MORATORIUM ACT—WRIT OF RESTITUTION—EQUITY OF REDEMPTION.

Act No. 98, Pub. Acts 1933, § 5, relating to restraining the issuance of writs of restitution, applies to all mortgages in which the equity of redemption had not expired at the time the act became effective.

2. SAME—MORATORIUM ACT—EQUITY OF REDEMPTION.

Equity of redemption is used in the mortgage moratorium act in its popular meaning, that of the statutory right to redeem, rather than in technical sense descriptive of interest of a mortgagor in the premises before foreclosure (Act No. 98, Pub. Acts 1933, § 5).

3. SAME—EQUITY OF REDEMPTION—FORECLOSURE BY ADVERTISEMENT.

Equity of redemption in cases of foreclosure by advertisement is one year after date of sale at public auction rather than from date of recording deed (3 Comp. Laws 1929, § 14435).

4. SAME—MORATORIUM ACT—WRIT OF RESTITUTION—EXPIRATION OF EQUITY OF REDEMPTION.

Mortgagor's grantee who failed to file bill to restrain issuance of writ of restitution under mortgage moratorium act before equity of redemption had expired is not entitled to relief afforded by said statute (Act No. 98, Pub. Acts 1933).

Appeal from Livingston; Collins (Joseph H.), J. Submitted January 9, 1934. (Docket No. 84, Calendar No. 37,454.) Decided March 6, 1934.

Bill by Eva F. Young against Union Joint Stock Land Bank of Detroit, a Federal corporation, to extend period of redemption under mortgage foreclosure and restrain issuance of a writ of restitution. Decree for plaintiff. Defendant appeals. Reversed.

*Frank L. Young, Jr.*, for plaintiff.

*Masters, Crane & Willett* and *Beaumont, Smith & Harris*, for defendant.

EDWARD M. SHARPE, J. For some time prior to March 29, 1933, Harry A. Chaney and wife were the owners of a 60-acre farm in Livingston county and in 1925 had executed a mortgage on that land to the defendant. On March 20, 1932, foreclosure proceedings by advertisement were started. The sale was held June 28, 1932, and the sheriff's deed to defendant was recorded July 14, 1932.

On March 29, 1933, plaintiff acquired title to the premises from Chaney and wife and on July 12, 1933, brought a bill in equity for an extension of the period of redemption and an order restraining issuance of a writ of restitution. The lower court granted the relief prayed for and defendant appeals.

This case was brought under and plaintiff's right to relief depends upon the Bischoff-Munshaw act or so-called mortgage moratorium act passed as an emergency measure at the 1933 regular session of the legislature (Act No. 98, Pub. Acts 1933). The act became effective June 2, 1933.

That part of the act relating to mortgage foreclosures by advertisement reads as follows:

"SEC. 3.   Whenever any mortgage is being foreclosed by advertisement, the owner or owners of such real estate or any person or persons liable on said mortgage or note, may file a bill in chancery in the circuit court of the county in which the property is located for the purpose of bringing said foreclosure proceedings under the terms of this act.  Thereafter the court upon proper pleadings shall proceed to foreclose such mortgage according to law, under the terms and provisions of this act.

"SEC. 5.   In the case of any mortgage being foreclosed by advertisement at the time this act becomes effective, in which the equity of redemption has not expired, the mortgagor, owner or owners of such real estate or any person or persons liable on said mortgage and note, may file a bill of complaint in chancery in the circuit court for the county in which the property is located, and the court may issue an order restraining the issuance of a writ of restitution until not later than March one, Nineteen hundred and thirty-five.  The court in case of the issuance of said order, shall determine fair rental terms to be paid by the owner or owners or the party or parties in possession, and arrange the application and distribution of the rents, income and profits from said real estate in like manner as provided in section two of this act.  The court shall upon a substantial violation of its order or orders, or for good cause shown, set aside or modify said order enjoining issuance of the writ of restitution."

Taking these two sections together and comparing the corresponding sections of the act applicable to foreclosures in chancery, it is apparent that section 3 was intended to apply to proceedings prior to a foreclosure sale while section 5 provides for relief in certain cases after a sale has been had.  The present case must therefore be brought under section 5.  While the structure of the first sentence of

that section may not be grammatically accurate, it can hardly be doubted that the clause "in which the equity of redemption has not expired" relates to "mortgage" and not to "the time this act becomes effective." The section is accordingly applicable to all mortgages in which the equity of redemption had not expired at the time the act became effective rather than only to mortgages then in process of foreclosure. Moreover, it is apparent that "equity of redemption" is not used in its technical sense of the interest of the mortgagor in the premises before foreclosure, but in its popular and equally correct meaning of the statutory right to redeem after sale.

Section 14435, 3 Comp. Laws 1929, permits redemption in foreclosures by advertisement "within one year from the time of such sale."

Plaintiff contends that "time of sale" means the date of recording the sheriff's deed, while defendant contends that, if "equity of redemption" be held to mean the statutory period allowed for redemption rather than the mortgagor's interest before sale, that period must be computed from the date the property was bid in.

In the case of a chancery foreclosure, as to which the statutory provisions for redemption are identical except that the time permitted is six months instead of a year (3 Comp. Laws 1929, § 14365), this court has held that the period runs from the date the sale was held and not from the date of the court order confirming the sale. *Trombley* v. *Klersy,* 147 Mich. 370.

In States in which the statute provides for a redemption period extending from "date of sale," it has been held that the statute refers to the day of the public sale rather than to the time the transaction is finally completed by confirmation of the court

or by recording. *Piatt* v. *Flaherty,* 96 Kan. 42 (149 Pac. 734); *Connecticut Mutual Life Insurance Co.* v. *King,* 72 Minn. 287 (75 N. W. 376); *Hamilton* v. *Hamilton,* 51 Mont. 509 (154 Pac. 717); *Trenery* v. *American Mortgage Co.,* 11 S. D. 506 (78 N. W. 991).

The language of the act ("within one year from the time of such sale") is clear and means that the period of redemption runs from the day upon which the property is sold at public auction.

The failure of plaintiff to file her bill before the equity of redemption had expired disposes of the other questions raised.

Decree reversed, with costs.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.