HANNEMAN *v.* BOWINS.

1. VENDOR AND PURCHASER — LAND CONTRACT MORATORIUM ACT — COURTS—JURISDICTION.

Court of chancery was without jurisdiction to grant relief under land contract moratorium act under bill filed several months after writ of restitution had issued (Act No. 122, § 25a, Pub. Acts 1933).

2. SAME—FORFEITURE—EQUITY—OPTION.
    Purchasers of property, who secured an option agreement from
      vendors to redeem property on certain date by payment of sum
      due at time judgment of restitution was rendered after latter
      had secured writ of restitution ousting former from the prem-
      ises, *held,* not entitled to equitable relief from forfeiture of the
      land contract where they did not comply with option agreement
      at any time.

Appeal from Washtenaw; Sample (George W.), J. Submitted April 2, 1935. (Docket No. 29, Calendar No. 38,319.) Decided June 3, 1935.

Bill by Otto P. Hanneman and wife against Albert E. Bowins and wife for relief under land contract moratorium act and for other relief. From decree granting defendants' motion to dismiss and order denying petition to amend, plaintiffs appeal. Affirmed.

*Lindley, Delaney & Worsham,* for plaintiffs.

*A. J. Waters (Frank B. DeVine,* of counsel), for defendants.

EDWARD M. SHARPE, J. July 9, 1932, defendants Bowins sold to plaintiffs a 40-acre farm in Washtenaw county on a land contract for the sum of $4,000, with $200 as a down payment and the balance of $3,800 on a time payment plan. The item of $200 was paid $50 in cash and a note given for the balance of $150.

Plaintiffs having defaulted in their payments on the land contract, a notice of default was served, a summons was issued and judgment for restitution was entered June 30, 1933. On the 2d day of October, 1933, a writ of restitution was issued and placed in the hands of a deputy sheriff. However, on November 25, 1933, the parties to this action entered into an agreement in the nature of an option that in con-

sideration of the defendants directing the sheriff to withhold the service of the writ of restitution until March 1, 1934, that they (the plaintiffs) would surrender and deliver up possession of the premises on said date or pay the amount found to be due and owing at the time of the rendering of the judgment of restitution, which was $264, less a credit of $10 paid after the rendition of the judgment. The plaintiffs herein failed to pay in accordance with this agreement, but did on February 28, 1934, file a bill of complaint on which a temporary injunction was issued. Following the filing of the bill of complaint, the defendants entered a special appearance asking for its dismissal on the ground, among others, that it did not set up an equitable cause of action. On April 9, 1934, the trial court entered an order dismissing the bill of complaint. On April 17, 1934, the plaintiffs filed a motion for permission to amend the bill of complaint and prayed for relief under the moratorium act, Act No. 122, Pub. Acts 1933, and to set aside the order dismissing the plaintiffs' bill of complaint. The trial court refused to grant plaintiffs' request and plaintiffs appeal from the order dismissing the bill of complaint and the motion above referred to.

The plaintiffs contend that section 25a of the moratorium act (Act No. 122, Pub. Acts 1933) which reads as follows: "In all actions now pending for the forfeiture, foreclosure or specific performance of any executory contract for the purchase of real estate in which a writ of restitution has not issued and in any action hereafter commenced for the forfeiture, foreclosure or the specific performance of such contracts, the circuit court in chancery of the county in which the property is located, may, upon proper application of the owner or owners, or any person or persons liable on said contract take jurisdiction of such foreclo-

sure, proceeding the same as though a bill of complaint had been filed in said court in the first instance for the forfeiture, foreclosure or specific performance of such contract,'' gives the trial court authority to grant the relief prayed for. In the case of *Young* v. *Union Joint Stock Land Bank of Detroit,* 266 Mich. 83, a cause in which Act No. 98, Pub. Acts 1933, also known as the (mortgage) moratorium act, was construed, we said, ''the failure of plaintiff to file her bill before the equity of redemption had expired disposes of the other question raised.'' In that case the period of redemption expired on June 28, 1933, and on July 12, 1933, the plaintiff filed her bill in equity.

In the instant case the judgment for restitution of the premises was granted June 30, 1933, and on the 2d day of October, 1933, a writ of restitution was issued. The bill of complaint was not filed until February 28, 1934. The act provides that courts of chancery have jurisdiction in all cases *"in which a writ of restitution has not issued."* In the instant case the bill of complaint was filed nearly five months after the *writ* had issued and the court was without jurisdiction to grant the desired relief.

Nor can plaintiffs be granted any relief under the agreement made November 25, 1933, wherein the defendants gave plaintiffs until March 1, 1934, to redeem the property upon payment of $264 to defendants. The plaintiffs did not comply with the terms of the agreement at the date agreed upon nor have they at any time since. This agreement being in the nature of an option must be complied with fully upon the part of plaintiffs before they can come into court and ask for relief.

Decree affirmed, with costs to defendants.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.