(617 P.2d 583)
No. 50,982

First Federal Savings and Loan Association of Kansas City, *Plaintiff*; J. R. Sherman, *Appellant,* v. Lloyd D. McKain, Jr., *Defendant,* and Rachel K. McKain, *Defendant-Appellee.*

Opinion filed September 26, 1980.

*William R. Coffee,* of Overland Park, for the appellant.

*Ron Bodinson,* of Payne & Jones, Chartered, of Olathe, for the appellee.

Before Foth, C.J., Swinehart, J., and Harman, C.J. Retired, sitting by designation.

Foth, C.J.: This is an appeal by J. R. Sherman, purchaser at a foreclosure sale of certain Johnson County land belonging to the defendants Lloyd D. and Rachel K. McKain, from an order finding that Mrs. McKain had properly redeemed the property.

The order appealed from was made in response to two motions, one by Sherman, the purchaser-appellant, for an order giving him a sheriff's deed, and one by Mrs. McKain to determine her redemption rights. The motions were heard on briefs and argu-

ment of counsel, without oral testimony. The trial court made findings of fact which are necessarily uncontested:

"1. On April 14, 1978 pursuant to a decree of foreclosure and an order of sale the Johnson County Sheriff sold the property under foreclosure in this action to J. R. Sherman for the total sum of $31,800.00 which sum included plaintiff's judgment with interest to the day of sale, the court costs and the 1977 real estate taxes. He received the certificate of purchase.

"2. On October 11, 1978 defendant, Rachel K. McKain, attempted redemption of the subject property by paying to the Clerk of the Johnson County District Court the sum of $33,401.60. That sum represented the sum of certain items of expense as stated orally on October 3, 1978 by J. R. Sherman to Burton Shepard of Hedrick Title Company acting on behalf of Mrs. McKain, together with interest on the total of said expense at the rate of 10% per annum to October 11, 1978.

"3. J. R. Sherman refused upon request to reduce the figures to writing but gave Mr. Shepard on said date the following information:

Bid ......................................... $31,800.00
Insurance ...................................... 308.00
Interest through 10-3-78 ...................... 1,214.40
                                              $33,322.40

and Mr. Sherman further advised the per diem for interest following October 3, 1978 would be $8.80.

"4. On October 11, 1978, the date of Mrs. McKain's attempted redemption the total of Mr. Sherman's expense according to the records of the Clerk of the District Court was the amount of his bid of $31,800.00. Interest on that amount at the rate of 10% per annum from the date of sale to October 11, 1978 amounted to $1,568.22. Mrs. McKain paid $33.38 in excess of that amount.

"5. On October 13, 1978 two days following Mrs. McKain's payment to the Clerk of the District Court as aforesaid J. R. Sherman caused to be filed with the Clerk of the Court a document labeled 'voucher' with the following entries thereon, to-wit:

| | |
|---|---|
| $31,800.00 | Purchase Price |
| $   308.00 | Insurance |
| $32,108.00 | |
| $ 1,584.00 | Interest $8.80 per day (180 days) |
| $33,692.00 | |

"6. The statutory period for Mrs. McKain's redemption of the property expired on or about October 16, 1978.

"7. On November 8, 1978 J. R. Sherman filed his motion herein for an order directing delivery of the Sheriff's Deed contending Mrs. McKain had failed to properly redeem the property on or before the expiration of her period of redemption by failure to pay the full sum stated in his 'voucher' within the period of redemption.

"8. On December 12, 1978 after a hearing before the court on December 5, 1978, Mrs. McKain filed her motion for determination of her redemptive rights and therein tendered the additional sum of $290.30 said sum to bear interest at the rate of 10% per annum from October 11th until paid."

In addition, the court's conclusions of law include factual determinations:

"1. On October 11, 1978 Mrs. McKain paid to the Clerk of the District Court upon redemption of the property under foreclosure the total sum Mr. Sherman the holder of the certificate of purchase advised on October 3 would be necessary to accomplish redemption and that her attempt to redeem the property on that date was made in good faith.

"2. That the additional sum stated by Mr. Sherman in his voucher filed two days later with the Clerk of the Court on October 13, 1978 were for expenses incurred during the period of redemption benefiting the property and running to the benefit of any redeeming party.

"3. That by her payment in the amount of $295.36 Mrs. McKain has completed full redemption of the property and under the circumstances the period of redemption should be and is hereby extended to and including December 13, 1978 the date of said payment.

"4. That upon the surrender by Mr. Sherman of the certificate of purchase the Clerk of the District Court is directed to pay him the total of the sums paid to redeem the property by Mrs. McKain."

On appeal Sherman argues that the equities were not such as to authorize the extension of time to redeem, particularly in view of his voucher, filed after the attempted redemption but before the statutory time expired. The voucher, he says, put the redemptioner on notice of the almost $300 deficiency in the amount paid, so that the failure to pay off the deficiency until some 58 days after the time expired constituted a waiver of the right to redeem.

The right of redemption is controlled by statute. *Federal Land Bank v. Hart,* 157 Kan. 664, 143 P.2d 649 (1943). K.S.A. 1979 Supp. 60-2414 specifies the period of redemption (here six months) and provides for recovery by the purchaser of certain expenses (here insurance) incurred for the benefit of the property upon the filing of "receipts or vouchers." Under the facts of this case we need not determine the effect of a voucher filed after redemption but within the statutory period; when combined, the payments made cover the purchaser's insurance expense. The real question is whether the delay in paying the final $300 defeats the right to redeem.

The power of a court to extend the period of redemption, upon a showing of equitable grounds and in the exercise of judicial discretion, has long been recognized in this state. *Piatt v. Flaherty,* 96 Kan. 42, 149 Pac. 734 (1915), and cases cited therein; *Loomis v. Supply Co.,* 99 Kan. 279, Syl. ¶ 1, 161 Pac. 627 (1916); *Thresher Co. v. Judd,* 104 Kan. 757, 180 Pac. 763 (1919).

In *Piatt* the Court expressly noted the possibility that "a party by his conduct might estop himself from objecting to a reasonable extension of time in which to redeem." 96 Kan. at 44. Here, the redemptioner relied on the purchaser's representation as to the amount required and paid in that exact amount.

In *Loomis,* the reliance was on figures supplied by the clerk of the court; timely payment was made, but it was short because interest was computed at the wrong rate, and even that computation was wrong. Two weeks after the statutory time the redemptioner paid in another $100.64, but was *still* $21 short. A sheriff's deed was executed to the purchaser, who conveyed to a third party. Still later a successor of the original redemptioner brought suit to cancel the sheriff's deed and subsequent conveyances. The Supreme Court affirmed a judgment finding the redemption was proper; the good faith efforts to redeem within the statutory period were sufficient to justify extending the period for redemption. It also approved the trial court's order requiring an additional $25 to be paid to complete the redemption—obviously many months after the statutory time had expired. The Supreme Court observed:

"Conceding that the highest degree of diligence was not shown, and that the mistake made resulted from a misunderstanding of the statute, a court of equity might well in the interest of justice give relief against so severe a penalty as the forfeiture of all interest in the property; especially in view of the facts that the holder of the certificate of purchase suffered no possible injury beyond a slight delay in receiving the money, and that a readiness to make good the shortage was shown as soon as attention was called to the matter. The deficiency in the second payment, resulting from miscalculation, was upon the same grounds not a bar to an order allowing the redemption." 99 Kan. at 281.

Here the redemption amount was five times that required in *Loomis,* the deficiency was $300 compared to $100, and the total delay in paying the deficiency was less than two months.

In *Thresher Co.* the Court observed:

"Once it is conceded that the court, under such circumstances, is not bound to a rigid enforcement of the statute, and may relieve the party who in good faith has attempted to redeem, but has failed to follow the strict letter of the statute, the question is fully opened up for equitable considerations. Moreover, there is no hard or fast rule as to the amount of deficiency which a court of equity may regard under all the circumstances as too small to prevent redemption." 104 Kan. at 762.

The equities in favor of the redemptioner here were at least as strong as those in *Loomis* and *Thresher Co.*

*Meyer v. Hurst,* 109 Kan. 730, 201 Pac. 859 (1921) relied on by the purchaser here, is distinguishable. There the redemptioner paid *nothing* before the statutory time expired, and the Court held that it could not be extended under those circumstances. Even there the Court recognized and cited cases where extensions had been approved. The difference was that in each of those cases there was a good faith effort to redeem before the period expired. That is exactly what the trial court found had happened here.

We hold that the trial court did not err in finding that the redemption here was valid or in extending the period of redemption on equitable grounds from October 16, 1978, to December 13, 1978, the date the final payment was made.

The purchaser Sherman also argues that he should receive additional interest covering the period from October 11, when the first payment was made, until December 13, when the $300 deficiency was paid. There is nothing in the record before us to indicate that this claim was ever presented to the trial court, and it is therefore not properly before us. See *Loomis,* 99 Kan. at 281; *Frevele v. McAloon,* 222 Kan. 295, 299, 564 P.2d 508 (1977).

Affirmed.