**UNITED STATES of America, Plaintiff,**

v.

**Howard Eugene CURRY, Jr. and Marsha K. Curry, husband and wife; Harlan Ginther; Colby Tire & Battery; and Schielke Electric, Defendants.**

No. 82–1145.

United States District Court,
D. Kansas.

April 29, 1983.

Jack Williams, Asst. U.S. Atty., Wichita, Kan., for plaintiff.

Robert J. Lewis, Jr., Atwood, Kan., for defendants.

## MEMORANDUM AND ORDER

KELLY, District Judge.

The above-captioned matter is a foreclosure action brought by the United States on behalf of the Farmers Home Administration. Defendants Howard Eugene Curry, Jr. and his spouse, Marsha K. Curry, borrowed money and granted the Farmers Home Administration a mortgage on a half-section of land in Rawlins County, Kansas. These two defendants admit they are in default on their loans with the Farmers Home Administration. However, they have filed a motion requesting that this Court grant them a period of redemption. The Court has carefully considered the parties' oral arguments and the plaintiff's responsive brief. After reviewing the applicable law, the Court finds that the redemption rights under Kansas law are not available to defendants; however, the Court may still grant them an equitable period of redemption.

The Currys contend the rights of redemption set forth in K.S.A. 60–2414 apply here. This statute would give the debtors up to 12 months following the foreclosure sale to redeem the property, during which time they could remain in possession. For its part, the government contends the debtors waived any statutory redemption rights expressly by the following clause in the mortgage:

> (19) Borrower agrees that the Government will not be bound by any present or future state laws, ... allowing any right of redemption or possession following any foreclosure sale.... Borrower expressly waives the benefit of any such state laws....

Debtors contend this contractual provision cannot be enforced against them because, under Kansas law, K.S.A. 60–2410(d), any contract and any mortgage or deed of trust waiving the right of redemption shall be null and void except as provided by K.S.A. 60–2414(a). The exception stated in K.S.A. 60–2414(a) does not apply here since it only involves corporations waiving a redemption right. Consequently, the first issue before the Court is whether the contractual provision above or the statutory provision in K.S.A. 60–2410(d) shall prevail.

The government contends the Farmers Home Administration loan program is governed by federal law, not state law:

> Loans made by the FmHA are authorized and executed pursuant to Federal programs adopted by Congress to achieve national purposes of the U.S. Government.
>
> (a) Instruments evidencing or securing a loan payable to or held by the Farmers Home Administration, such as promissory notes, ... mortgages, ... and other evidences of debt or security shall be construed and enforced in accordance with applicable Federal law.

7 C.F.R. § 1900.102. The government further points out that there are no statutory rights of redemption under federal law applicable to Farmers Home Administration loans. The federal courts which have decided this issue have held that contractual waivers of state redemption rights in mortgages to federal agencies are effective notwithstanding state law to the contrary. *See, e.g., United States v. Victory Highway Village, Inc.,* 662 F.2d 488 (8th Cir.1981); *United States v. Stadium Apartments, Inc.,* 425 F.2d 358 (9th Cir.1970). Consequently, it is clear that the Kansas statutory rights of redemption are not applicable in this case.

The next issue is whether the Currys can be granted an equitable period of redemption by the Court. In *United States v. Victory Highway Village, Inc., supra,* the Eighth Circuit, dealing with a similar factual situation, stated the common law doctrine of equity of redemption was still available even when a federal loan program was involved. 662 F.2d at 498. However, in this case the Eighth Circuit held that the debtor's possible equity of redemption had been terminated by foreclosure and sale. *See* 55 Am.Jur.2d Mortgages § 513; *cf. United States v. Johansson,* 467 F.Supp. 84 (D.Me.1979).

In the case at bar, foreclosure has not yet occurred, and consequently the debtors' request for an equitable period of redemption remains unaffected. However, at least in Kansas, a court may grant an equitable period of redemption even after the foreclosure sale has occurred. *First Federal Savings & Loan Assn. v. McKain,* 5 Kan.App.2d 387, 617 P.2d 583 (1980). In this case, the trial court exercised its equitable powers to extend the debtors' period of redemption beyond the statutory time following the foreclosure sale. In an opinion written by Chief Judge Foth, the Kansas Court of Appeals held that a court's power to grant a period of redemption, "upon a showing of equitable grounds and in the exercise of judicial discretion, has long been recognized in this state." *Id.,* 5 Kan.App.2d at 389, 617 P.2d 583.

In a decision by Judge Wesley E. Brown, this Court held in *United States v. Montgomery,* 268 F.Supp. 787 (D.Kan.1967), that state redemption rights do not apply to judicial foreclosures in federal courts of mortgages held by federal agencies. Nevertheless, Judge Brown held that the federal court still possessed the power to grant an equitable period of redemption, which he exercised. This Court recognizes the important policy consideration cited by the government, that redemption periods make federal loan programs less effective and therefore less beneficial to the public. Nevertheless, this Court strongly believes that to hold that the debtors are entitled to no redemption rights would be unnecessarily harsh, especially when the difficult economic times faced by farmers today are considered. Consequently, this Court finds that Howard Eugene Curry, Jr. and Marsha K. Curry shall be granted an equitable period of time in which to redeem from the date of the foreclosure sale, not to exceed 180 days.

IT IS ACCORDINGLY ORDERED that the motion of defendants Howard Eugene Curry, Jr. and Marsha K. Curry shall be granted.