UNITED STATES of America, Plaintiff,

v.

Robert C. JONES, Dona Jones, and
Board of County Commissioners
of Johnson County, Kansas, Defendants.

Civ. A. No. 87–2179–O.

United States District Court,
D. Kansas.

July 26, 1988.

Benjamin L. Burgess, Jr., U.S. Atty., David R. House, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Janice Miller Karlin, Asst. U.S. Atty., Kansas City, Kan., for U.S.

A. Glenn Sowders, Jr., Kansas City, Mo., Steven E. Emke, Prairie Village, Kan., for Robert C. Jones and Dona Jones.

Richard J. Lind, Asst. County Counselor, Olathe, Kan., for Bd. of County Com'rs of Johnson County, Kan.

MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on the plaintiff United States' motion for summary judgment. The United States brought an action to foreclose tax and judgment liens against real property of the defendants Robert C. and Dona Jones. This court has jurisdiction under 28 U.S.C. §§ 1340, 1345.

When considering a motion for summary judgment, we must examine all evidence in the light most favorable to the opposing party. *Prochaska v. Marcoux*, 632 F.2d 848, 850 (10th Cir.1980), *cert. denied*, 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 841

(1981). If the moving party bears the burden of proof at trial, he must show, through pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See* Fed.R. Civ.P. 56(c). If the moving party does not bear the burden of proof, he must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). This burden is met when the moving party identifies those portions of the record demonstrating an absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2553.

If the moving party meets his requirement, the burden shifts to the nonmoving party, who "must set forth *specific facts* showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986) (emphasis added). The trial judge then determines whether a trial is needed—"whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.*

I. *Background.*

The pertinent facts are as follows: On June 15, 1977, the United States obtained a judgment in this court against the Jones in the amount of $34,495.33 for tax liabilities for the years 1963 through 1969. *See United States v. Jones*, 703 F.2d 473, 474 (10th Cir.1983) (the appellate decision relating to the Jones' refusal to respond to questions concerning their assets pursuant to their fifth amendment privilege against self-incrimination during proceedings in aid of execution on the June 15, 1977, judgment).

On June 2, 1982, the United States obtained a judgment in this court against the Jones in the amount of $94,739.93, plus accrued but unassessed interest and penalties in the amount of $42,631.99 through April 1, 1982, plus interest thereafter as provided by law, for tax liabilities for the years 1973 through 1979.

On May 25, 1983, the United States obtained a judgment against the Jones in the United States District Court for the Western District of Missouri in the amount of $10,038.41, plus accrued and statutory interest and penalties, for tax liability for the year 1980. On April 16, 1987, this judgment was docketed in the United States District Court for the District of Kansas. On April 22, 1987, the judgment was docketed in the District Court of Johnson County, Kansas.

The above-described judgments have not been paid in full. According to the declaration of Patricia Valentine, a supervisory tax examining assistant, the remaining balance due on the judgment was $280,667.34 as of March 1, 1988.

The Jones own real property located at 8900 Delmar, Prairie Village, Kansas. This property was the subject of a state court action entitled *McDaniel v. Jones*, 235 Kan. 93, 679 P.2d 682 (1984). The United States intervened in this action and as a result, it foreclosed on the property to satisfy its tax liens and judgments. However, proceeds from the sale of the property did not fully satisfy the judgments. *See McDaniel*, 235 Kan. at 102, 679 P.2d at 691. After the foreclosure sale, the Jones redeemed the property.

Additionally, Johnson County, Kansas, has liens against the property for local real estate taxes for the years 1984, 1985, and 1987 in the amount of $9,749.27.

II. *Application of the Law.*

Following an assessment of tax liability, the United States holds a lien on all property, real or personal, of the taxpayer. *See* 26 U.S.C. § 6321. The lien arises at the time of assessment and continues until the assessed liability is satisfied or becomes unenforceable by reason of a lapse of time. *Id.* § 6322.

The United States has obtained an assessment of tax liabilities against the Jones in the form of three judgments. However, the Jones assert that the assessment has been satisfied. Further, the Jones assert

three defenses: (1) the United States' action is barred by a statute of limitations, (2) the United States may not, under Kansas law, foreclose on the real property to satisfy its judgments because it has previously participated in a foreclosure on the property, and (3) the Jones have a right of redemption in a foreclosure action. The United States asserts that the assessment has not been satisfied, the alleged defenses are invalid, and summary judgment is warranted.

### A. Satisfaction of the Judgments.

■ The United States submitted copies of the judgments and a declaration regarding the amount outstanding on the judgments with its memorandum supporting its summary judgment motion. The declaration details yearly assessments, penalties, interest rates, and payments. In response, the Jones' memorandum opposing summary judgment asserts that various payments and levies against property are not credited in the assessment. No evidence is submitted to support this assertion, and the assertion itself is insufficient to avoid summary judgment on the issue of satisfaction of the judgments. *See Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510, 91 L.Ed.2d at 212.

### B. The Statute of Limitations.

■ The Jones' answer asserts that the United States' action is barred by a statute of limitations; however, the answer fails to identify the statute. The Jones' memorandum in opposition to summary judgment does not mention the statute of limitations defense.

Federal law provides a limitation on actions in 26 U.S.C. § 6502:

> Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—
>
> (1) within 6 years after the assessment of the tax....

26 U.S.C. § 6502. However, this statute addresses a proceeding to reduce an assess-

ment to a judgment. In the instant action, judgments have already been obtained, and the issue is whether the judgment liens may still be enforced. Federal courts have consistently held that no time limit exists as to enforcement of a timely judgment obtained in a timely-filed action. *See, e.g., Moyer v. Mathas*, 458 F.2d 431, 434 (5th Cir.1972) (a foreclosure suit brought twenty years after a timely lien was obtained is not time-barred); *United States v. Overman*, 424 F.2d 1142, 1147 (9th Cir.1970) (a tax lien is enforceable through foreclosure at any time); *see also United States v. Weintraub*, 613 F.2d 612, 621 n. 30 (6th Cir.1979) (citing numerous cases).

Further, "the United States is not bound by a state's statute of limitation or subject to the defense of laches in enforcing its rights," unless a federal statute so provides. *United States v. Summerlin*, 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283 (1940) (quoted in *Roberts v. Morton*, 549 F.2d 158, 163 (10th Cir.1976)). Thus, no Kansas statute of limitations is applicable.

### C. The Prior Foreclosure Proceedings.

■ As stated above, the United States intervened in an action in Kansas state court and, as a result, foreclosed on the Jones' property. The Jones assert that the United States has chosen to proceed in state court, and must therefore be bound by state law. Relying on K.S.A. 60–2414(*o*), they contend that the United States may not foreclose a second time on the property to satisfy the same tax liability judgments. The statute states:

> Real estate once sold upon order of sale, special execution or general execution shall not again be liable for sale for any balance due upon the judgment or decree under which it is sold, or any judgment or lien inferior thereto, including unadjudicated junior liens filed after the petition is filed in the district court to foreclose the senior lien against the real estate.

K.S.A. 60–2414(*o*).

Generally, state limitations on actions do not apply to the United States' attempts to

enforce a tax lien or judgment. *See, e.g., United States v. Rodgers,* 461 U.S. 677, 701, 103 S.Ct. 2132, 2146, 76 L.Ed.2d 236 (1982) (state homestead exemption is inapplicable as against the United States in its attempt to enforce a tax lien); *United States v. Mitchell,* 403 U.S. 190, 205, 91 S.Ct. 1763, 1772, 29 L.Ed.2d 406 (1971) ("state law which exempts a husband's interest in community property from his premarital debts does not defeat collection of his federal income tax liability for premarital tax years from his interest in the community"); *Overman,* 424 F.2d at 1147 n. 7 (state statute of limitations does not bar collection of federal income tax liability). Given this, we are persuaded that the Kansas second foreclosure statute should not bar the United States' attempt to foreclose on the Jones' property.

D. Right of Redemption.

■ The Jones' answer asserts that they have a right of redemption in this foreclosure action. The court notes that even if the defendants had such a right, it would not preclude this foreclosure action. Further, no right of redemption exists in a foreclosure action to satisfy a judgment for tax liability. *United States v. Heasley,* 283 F.2d 422, 427 (8th Cir.1960); *see also United States v. Curry,* 561 F.Supp. 429, 430 (D.Kan.1983) (redemption rights are not available in foreclosures by federal mortgagees).

In summary, the United States has proved that the Jones have not satisfied their tax liability, and the Jones have no valid defenses to the foreclosure action. Thus, summary judgment as against the Jones is warranted.

However, the court has before it no pleadings regarding the defendant Board of County Commissioners of Johnson County. Therefore, no ruling is made as to this defendant.

IT IS THEREFORE ORDERED that the United States' motion for summary judgment is granted as to the defendants Robert C. Jones and Dona Jones. No ruling is made as to the defendant Board of County Commissioners of Johnson County, Kansas.