## Louisville Gas Company v. Fry.

(Decided April 16, 1912.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1.  Explosion of Gas—Injury Resulting from Exposure—Action for—Notice—Negligence.—In an action for injury resulting from exposure following an explosion of gas which set fire to her house, it appearing that notice was brought home to the gas company that the service pipe was defective and leaking and that no steps had been taken to repair it although the gas company had promised to repair it, the company was guilty of negligence, and the trial court properly overruled its motion for a peremptory instruction.

2.  Explosion of Gas—Negligence.—While the gas had been escaping for some time, appellee did not know what it was. She had been reared in the country and had not been accustomed to its use, and remaining in the house and continuing to heat it with fires did not render her guilty of such negligence as would prevent a recovery on her part.

3.  Damages—Where One Exposes Himself to Danger—Not in Every Instance Denied Right to Recover.—It is not in every instance where one exposes himself to known danger that he is denied a right to recover, but only in that class of cases where the danger is so obvious and imminent that a person of ordinary prudence would not subject himself to it.

EDWARD P. HUMPHREY, HUMPHREY & HUMPHREY for appellant.

POPHAM, TRUSTY & ROOSE and R. T. COLSTON for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Prior to January 21, 1908, Eliza Fry lived on Fifteenth street, near Gallagher, in Louisville, Kentucky. She was engaged in the dry goods and notions business in a small way and used the front part of her house as a store-room. Back of this store-room was her sleeping room, kitchen, etc. The service pipe of the Gas Company runs into the building and gas was used by the occupant for lighting purposes. On the night of January 21st an explosion occurred in the front room which damaged and set fire to the building, necessitating her leaving it in haste and scantily clad.

Sometime thereafter she instituted a suit against the Louisville Gas Company in which she sought to recover damages for injuries resulting to her by reason of her exposure on the night of the explosion. She alleged in her petition that, as a result of her being compelled to flee from her house following the explosion, clad only in her night clothing, she contracted a cold, became quite sick, and was seriously injured in her health because thereof.

The company denied liability and pleaded that the plaintiff was guilty of contributory negligence. Upon this issue the case went to trial, and at the conclusion of the evidence the court directed the jury to find a verdict for the defendant.

Thereafter, upon consideration, a new trial was granted, and in due time the case again went to trial, with the result that the plaintiff recovered a verdict for $1,500. The defendant appeals.

It is insisted first that, in peremptorily instructing the jury to find for the defendant upon the first trial, the court ruled correctly, and erred in granting a new trial; and second, that upon the last trial defendant was entitled to a peremptory instruction and the court erred in refusing to give it. Other minor errors are complained of, but counsel in brief rely chiefly upon these two points for reversal.

A determination of the correctness of the contention that appellee failed to make out a case necessitates a consideration at some length of the evidence introduced on her behalf. She testified that she moved into this building in August, 1907. The explosion occurred in January, 1908. Gas was supplied to her by the appellant company. Shortly after she moved into the house she

detected an odor about the premises, but did not know what produced it. She used chloride of lime, evidently thinking that there was something dead. At that time the doors and windows were open a great deal and the odor was not very annoying. This odor was evidently that of escaping gas, as appears from the evidence of several other witnesses who testified upon this point. As the weather grew colder it became necessary that the doors and windows remain shut a great part of the time, and when it became very cold in December, necessitating their being closed all of the time, she testifies that she was away from home two weeks. That on December 17th she notified the company by telephone that the gas was leaking and received word that they would send a man the next day; that two men came the next afternoon between five and six o'clock and made an investigation and told her the gas was escaping from the service pipe beneath the floor, but it was too late or too cold to fix it that night and that they would return and attend to it. They did not come back, nor did anybody else, and it was not fixed, but continued to leak. That upon the day upon which the explosion occurred she had used the storeroom all day and the door, window and transom thereto were closed. The fire in the stove was still burning when she closed the store at eight o'clock and put a blanket at the crack at the bottom of the door to keep the gas from escaping into her sleeping room. She retired about ten o'clock and was awakened about midnight by the explosion and the cry of fire. On account of her excited condition and the fire, she grabbed her child in her arms and ran into the street barefoot and in her night clothes. From the excitement incident to the explosion and the cold to which she was subjected she fainted and contracted a severe cold, which developed into pneumonia and other troubles, to her serious injury. That she did not know that gas escaping in a room in that way in which a fire was kept was liable to explode; that at the time these representatives of appellant company were there looking for the leak they used a lighted candle to trace the pipes, and she concluded from this that it was not dangerous to have fire around where the gas was leaking. She proved by several witnesses that the odor in the house which she detected in the late summer and early fall and constantly from that time on was that of escaping gas. Notice was brought home to the

company that the service pipe was defective and leaking, and although, through its representatives, it promised to remedy the trouble in the middle of December, no step had been taken to accomplish this end up to the time of the fire on the 21st of January.

Undoubtedly, considering this testimony alone, the defendant was guilty of negligence in failing to repair its service pipe when it knew that it was defective and leaking; and unless, by remaining in the house and continuing to heat same with fires after she knew that these pipes were leaking, appellee was herself guilty of such negligence as would prevent a recovery on her part, the action of the court in overruling a motion for a peremptory instruction must be upheld.

Gas is highly inflammable, and when exposed in quantity to flame or fire is liable to explode. This is true not only when it is in its pure state, but when mixed with air. But it does not appear that these qualities of it were known to appellee. She had been raised in the country and had not been accustomed to its use. It had been escaping in her house for several months. For some time she did not know what it was, and after she did learn that it was the gas that was escaping, she continued to use the house, not realizing that she was endangering her life by so doing. But it is not in every instance where one exposes himself to a known danger and injury results that he is denied a right to recover, but only in that class of cases where the danger is so obvious and imminent that a person of ordinary prudence under like circumstances would not subject himself to it. Applying that test to the facts in the case before us, we would not be willing to hold, as a matter of law, that appellee could not recover, even though appellant was guilty of negligence in permitting its service pipe to remain out of condition for the length of time here shown. And in our opinion the trial judge should have refused the motion for a peremptory instruction. Having entertained it upon the first trial, he did not err in granting a new trial; and as the evidence was practically the same upon the second trial as upon the first, the motion, of course, should not have prevailed.

Judgment affirmed.