No. 40,023

BILL WAINSCOTT, *Appellant*, v. (CARLSON CONSTRUCTION COMPANY, a Corporation, GAS SERVICE COMPANY, a Corporation, Defendants), JACK D. BISER, *Appellee.*

(295 P. 2d 649)

Opinion filed April 7, 1956.

*Leroy Warner,* of Wichita, argued the cause, and was on the briefs for the appellant.

*Donald R. Newkirk,* of Wichita, argued the cause, and *Howard T. Fleeson, Homer V. Gooing, Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Robert J. Hill, Gerrit H. Wormhoudt,* and *Theodore C. Geisert,* all of Wichita, were with him on the briefs for appellee, Jack D. Biser.

The opinion of the court was delivered by

WERTZ, J.: This was an action to recover for personal injury and property damage sustained by plaintiff (appellant) as a result of a gas explosion. Plaintiff appeals from an order of the trial court sustaining defendant (appellee) Biser's demurrer to his petition. Defendants Carlson Construction Company and Gas Service Company are not involved in this appeal. Insofar as defendant Biser is concerned, the pertinent part of the petition alleged the residence of the parties, their status, the corporate existence of the corporations, and that the property immediately to the rear of his residence was owned by a Mr. Garnett who made a contract with the Carlson Construction Company to place a concrete slab on his property. Defendant Biser was employed by the construction company to perform grading and leveling preparatory to pouring the cement slab, under the direction and supervision of the construction company.

The petition further alleged that on March 13, 1953, at approximately 1:15 p. m., the defendant Jack D. Biser was operating a tractor-grader or shovel and was engaged in grading, leveling and removing part of the topsoil immediately to the rear of the residence of the plaintiff, and did in such operation negligently run against and strike a gas line which ran from the gas main in the alley to the rear of the plaintiff's house, and that the force of the blow against the gas line caused it to separate just adjacent to the foundation of plaintiff's house.

Defendants Biser and the Carlson Construction Company were immediately informed of the broken line by the plaintiff, and he further informed Biser several times prior to the explosion that gas was accumulating in his home, and in each instance Biser assured the plaintiff that the situation was not serious and they would take care of it.

The plaintiff was advised and believed that at some time after the gas line was damaged, the defendant Carlson Construction Company acting by and through its agent, Paul Carlson, informed the Gas Service Company by telephone of the broken line and escaping gas, but that the defendant Gas Service Company did not act immediately on the advice and did not arrive at the home until after the explosion occurred; that the exact time the Gas Service Company was informed, and the agent to whom the information was

given, were unknown to plaintiff but were well known to the defendants herein.

That at approximately 2:45 p. m. of the same day plaintiff, being apprehensive of the safety of his home, returned thereto and, observing that no apparent action had been taken, went into the basement and proceeded to open windows in order to allow the accumulation of gas to escape, at which time the gas, which had been allowed to accumulate in an explosive mixture, exploded in a severe and violent manner and threw the plaintiff with great force and violence a distance of twelve to fifteen feet onto and against the furnace in the basement, thus injuring him and damaging his property.

It was further alleged that the injury and damage sustained by him were the direct result of the negligence of defendant Biser and the construction company (1) in failing to establish the location of the gas line prior to excavating and grading the ground to the rear of the plaintiff's home; (2) in operating the grading equipment in such a manner as to cause it to run into and damage the gas line; (3) in failing to establish the location of the broken line or gas leak and to take the necessary steps to cause said gas to escape in a manner so as not to endanger the plaintiff and his property; (4) in failing to recognize the dangerous situation and to take other reasonable precautions, and (5) in failing to timely notify the Gas Service Company of the damage to said gas line.

It was further alleged that by reason of the negligent acts of defendant Biser, plaintiff received personal injury, was hospitalized, incurred medical and hospital expenses, sustained loss of income and damage to personal property, and other damages not material to the question involved herein, and prayed judgment in the amount claimed.

Defendant Biser demurred to the petition on the ground it failed to state facts sufficient to constitute a cause of action. From an order sustaining Biser's demurrer, plaintiff appeals.

There is nothing in the record to indicate the theory on which the trial court sustained Biser's demurrer. However, defendant Biser argues in his brief that the basic legal principle involved in this appeal is that one who voluntarily submits himself to a known hazard cannot recover for injury arising out of the assumed risk, and although contributory negligence is an affirmative defense, where the petition discloses on its face that the plaintiff is guilty of contributory negligence, it is demurrable.

Biser contends that plaintiff's petition reveals the gas line was broken at 1:15 p. m., and gas was escaping into plaintiff's home and he complained of that fact to the defendants; that gas had been escaping into his home until 2:45 p. m., some one and a half hours, when plaintiff became apprehensive of the safety of his home, and voluntarily went into the basement to open the windows, and an explosion occurred and he was, therefore, guilty of contributory negligence barring his recovery, and that Biser's demurrer was properly sustained.

It is not in every instance where one exposes himself to a known danger and injury results that he is denied a right to recover, but only in that class of cases where the danger is so obvious and imminent that a person of ordinary prudence under like circumstances would not subject himself to it. Danger may lurk within every defective condition, and yet may not be of such character that men of ordinary prudence would hesitate to expose themselves thereto. The defect and danger therefrom must be such that knowledge, or imputed knowledge thereof, would cause an ordinarily prudent person to appreciate the risk therefrom. The principle is too well established to require a citation of authorities to support it, that mere knowledge of the danger of doing a certain act without a full appreciation of the risk involved is not sufficient to preclude a plaintiff from recovery, even though there may be added to the knowledge of danger a comprehension of some risk. Mere knowledge of the offending instrumentality does not constitute contributory negligence as a matter of law. (*Louisville Gas Co. v. Fry,* 147 Ky. 754, 145 S. W. 748; *Loney v. Laramie Auto Co.,* 36 Wyo. 339, 255 Pac. 350, 53 A. L. R. 73, 80.) It is not contributory negligence, as a matter of law, to enter the basement of a home where gas is perceptibly escaping, or to search for the location of the leak with a light. To do so may not be dangerous, according to the circumstances, among others, the extent of the leak, the size of the enclosure where located, and the length of time the leak has existed. The question of contributory negligence is a matter for the jury. (Shearman and Redfield on Negligence, Vol. 4 [Rev. Ed.], p. 1758, § 768.)

Our court has had occasion to pass on a somewhat similar situation applying the rules of law applicable to the instant case in *Newland v. City of Winfield,* 131 Kan. 191, 289 Pac. 402, where the plaintiff used a lighted match to search for a gas leak and an ex-

plosion followed. We said where one used an open light, such as a lighted match, to enter a cellar or a closed place into which gas was escaping, the question of his contributory negligence must be determined by a consideration of all the circumstances, such as the extent of the leak, the size of the enclosure where located, the length of time the leak had existed, and that the question of his negligence, if any, was for the jury. And, again, in *Jelf v. Cottonwood Falls Gas Co.*, 160 Kan. 112, 160 P. 2d 270, it was contended that gas had been noticed in the house the evening before the explosion, and that for the plaintiff to remain in the house after the discovery of gas, and leave the pilot light on the hot water tank burning, constituted contributory negligence. We rejected that contention and held the question of contributory negligence was a matter to be submitted to a jury under all the surrounding facts and circumstances. Our opinions in *Newland v. City of Winfield* and *Jelf v. Cottonwood Falls Gas Co.*, both supra, thoroughly discuss the rules of law applicable to the question involved herein, and further comment here is unnecessary. Other cases following our general rules discussed in the mentioned cases are collected in 26 A. L. R. 2d 136, 183, *et seq.* See, also, *Soulier v. Fall River Gas Works Co.*, 224 Mass. 53, 112 N. E. 627; *Gillespie v. Carbon Co.*, 98 W. Va. 481, 128 S. E. 316; *Leavenworth Coal Co. v. Ratchford*, 5 Kan. App. 150, 48 Pac. 927.

After examining the petition and giving the allegations contained therein the liberal construction to which they are entitled, and accepting those allegations as true for the purpose of ruling on Biser's demurrer, we are unwilling to say the petition shows on its face that the appellant was guilty of contributory negligence as a matter of law.

In our opinion, when the allegations of the petition are considered in their entirety they present a question of negligence on which the minds of reasonable men might differ and, therefore, one which if established by the degree of proof required should be submitted for decision to a jury under proper instructions as to the law applicable to the rights of the parties under the issues framed, and facts and circumstances raised and disclosed by pleadings and evidence. The trial court erred in sustaining Biser's demurrer to the plaintiff's petition.

The judgment of the trial court is reversed and the case is remanded with directions to overrule Biser's demurrer to plaintiff's petition.