**Harold BASS, Plaintiff-Appellant,**

v.

**The FIRESTONE TIRE AND RUBBER COMPANY, Defendant-Appellee.**

**Nos. 527, 811, Dockets 73–1810, 73–2001.**

United States Court of Appeals,
Second Circuit.

Argued Feb. 22, 1974.

Decided May 23, 1974.

Sol Lefkowitz, Glen Cove, N. Y., for plaintiff-appellant.

Leonard H. Rubin, New York City (Baer & Marks, New York City, on the brief), for defendant-appellee.

Before LUMBARD, FRIENDLY and TIMBERS, Circuit Judges.

PER CURIAM:

Plaintiff Harold Bass appeals from a judgment entered in a diversity action after a bench trial in the Eastern District of New York, John R. Bartels, *District Judge*, dismissing his complaint

---

which sought damages for personal injuries claimed to have been sustained as the result of the alleged negligence of defendant The Firestone Tire and Rubber Company in the design and manufacture of parts of a truck wheel. He also appeals from an order denying his motion for a new trial.

The accident occurred on March 26, 1967 at a service station owned and operated by Bass. He also owned four trucks which were serviced at this station. The trucks were equipped with RH5° wheels of which the rim bases and side rings were manufactured by Firestone. Bass claims that while he was inflating a tire on one of these wheels, the wheel blew apart and propelled him 30 feet into the air, causing the injuries for which he sought damages below.

The action was commenced in the district court on July 11, 1969. Following a five day trial in late January and early February 1973, Judge Bartels filed detailed findings of fact and conclusions of law on April 7, 1973. He held that Bass had failed to prove negligence in the design or manufacture of the wheel; that he had failed to prove negligence in the giving of warnings or instructions regarding the assembly of the wheel; and that he had failed to prove freedom from contributory negligence. Judge Bartels also denied Bass' motion for a new trial based on claimed newly discovered evidence and on an asserted change in the product liability law of New York.

We affirm the judgment and order appealed from on the ground that Judge Bartels clearly was warranted in finding that Bass was guilty of contributory negligence of such a character that he was barred from recovering on ordinary negligence or on strict liability.

■ Bass was thoroughly familiar with the type of wheel in question, consisting of a rim base and disc and a side ring. He had purchased two trucks in 1960, and later two more, all of which had the RH5° type wheels. Prior to the accident he had assembled and disassembled this type of wheel approximately 24 times. The warnings given by Firestone to mechanics, including Bass, emphasized that in assembling the wheel the operator should stand away during the period of inflation so as to permit the side ring to blow off harmlessly in the event the wheel should disassemble itself while the tire was being inflated —a course that should have commended itself to common sense even absent the warnings. Despite the warnings, however, plaintiff on the day of the accident assembled the wheel and inflated the tire by placing the side ring against the ground and squatting on the tire while inflating it, with the consequences stated above when the wheel blew apart. Under elemental principles, Bass was guilty of contributory negligence which would defeat an action for negligence.

■ Moreover, under the recent decision of the New York Court of Appeals, Codling v. Paglia, 32 N.Y.2d 330, 342, 298 N.E.2d 622, 628–29, 345 N.Y.S.2d 461, 470 (1973), an essential element for recovery on strict liability is "that by the exercise of reasonable care the person injured or damaged would not otherwise have averted his injury or damages." Cf. Restatement of Torts (Second) § 402A (1965), comment *n*, third sentence.

In view of the ground of our affirmance, we find it neither necessary nor appropriate to reach the other alleged claims of error.

Affirmed.