No. 48,194

THOMAS ORRIN FREVELE, *Appellee,* v. BERNARD McALOON and LAWRENCE DIEBOLT, d/b/a DIEBOLT LUMBER AND SUPPLY, *Appellants.*

(564 P.2d 508)

Opinion filed May 14, 1977.

*Charles F. Forsyth,* of Erie, argued the cause, and *Clark M. Fleming* and *Richard G. Tucker,* both of Erie, were with him on the brief for the appellants.

*John W. White,* of Humboldt, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is a negligence action brought to recover damages for personal injuries wherein the jury returned a verdict for plaintiff-appellee, Thomas Orrin Frevele. The injuries complained of were incurred during the unloading of building materials from a truck driven by defendant-appellant Bernard Mc-Aloon, who was employed by defendant-appellant Lawrence Diebolt, d/b/a Diebolt Lumber and Supply.

Plaintiff was a building contractor who, with a three-man crew, was engaged in the remodeling of a house in Humboldt. On November 14, 1972, defendant McAloon delivered building materials consisting of sheets of particle board, sheet rock, plywood paneling and wall board, all of which were in 4 by 8 foot sheets. Several rolls of insulation were also included in the load. On arrival at the construction site McAloon, who had made prior deliveries, backed his truck up to the front porch of the house, which was being remodeled. Plaintiff and his employees first unloaded the several rolls of insulation and carried them into the house. According to plaintiff's testimony, while the insulation was being unloaded, defendant McAloon was untying the ropes which had secured the sheet rock, plywood and particle board to the truck bed.

The ensuing events were testified to by plaintiff and his employees. After the rolls of insulation were unloaded, McAloon engaged the hoist of the truck bed to raise the front of the bed in order to facilitate the unloading of the rest of the material. Plaintiff testified that as the truck bed was raised the particle board started to slide off and that he shouted to McAloon to lower the truck bed and stop. There was also testimony by James Weeks, an employee of plaintiff, that McAloon had been warned not to raise the bed very high. Plaintiff got behind the truck bed and attempted to stop the particle board from sliding, but was unable to hold it. When plaintiff learned that he would not be able to hold the particle board he attempted to enter the door of the house to avoid being pinned by the sliding board. However,

his right foot was pinned to the wall of the house. His foot was severely bruised and the skin lacerated. Plaintiff was unable to work until January 3, 1973. He worked part time for about a month when, although using a cane and still suffering discomfort, he returned to full time work. He was released by his doctor on April 4, 1973, and had fully recovered prior to trial. Medical bills were stipulated to by the parties.

Defendants denied any negligence on their part and further asserted the defense of contributory negligence. Both of defendants' theories of defense were submitted to the jury by the trial court in instruction No. 13.

At the close of plaintiff's evidence defendants moved for a directed verdict on the ground that plaintiff's admitted actions in stepping into the path of the sliding particle board was contributory negligence which barred his recovery as a matter of law. Defendants renewed their motion at the close of all of the evidence. In both instances defendants' motion was overruled. The case was submitted to the jury which found for plaintiff and assessed his damages at $5,585.20.

Defendants' first point on appeal is directed at alleged violations of the pretrial order. They first argue the court erred in permitting witnesses, other than those named by plaintiff in the pretrial order, to testify. When plaintiff called his employee, James Weeks, defendants objected on the ground mentioned. The paragraph of the pretrial order pertaining to witnesses reads as follows:

"The parties agree that the exhibits and witnesses will be submitted to each other on or before March 15, 1975, and all discovery completed by trial time, with plaintiff's witnesses at this time being listed as the plaintiff and Dr. Long of Humboldt, and defendants' witnesses being listed as all of the plaintiff's witnesses, all witnesses to the accident, and the defendants."

The witnesses in question were named by plaintiff in his answers to defendants' interrogatories Nos. 6 and 12 which were served on March 7, 1975, as follows:

"6. Who were the witnesses to the accident so far as you know and what are their addresses?

"Answer: Melvin G. Baker, Larry Brock and James Weeks all of Humboldt, Kansas.

"12. What are the names and addresses of all witnesses you intend to use to prove the allegation of your petition?

"Answer: The witnesses named herein, including Dr. Edward E. Long and Plaintiff's wife, Dorothy W. Frevele."

The record clearly discloses that defendants were informed of all of the witnesses to be used by plaintiff well within the time limitation of March 15, 1975, prescribed by the pretrial order. We fail to see how defendants were prejudiced under such circumstances. While a pretrial order, under K.S.A. 60-216, controls the subsequent course of the action, the order is subject to the proviso "unless modified at the trial to prevent manifest injustice." We have held the proviso reposes large discretionary power in the trial court. (*Bartlett v. Heersche*, 204 Kan. 392, 462 P. 2d 763, Syl. 8.)

Defendants' next argument on this point is that plaintiff's evidence pertaining to loss of income or earnings, which were apparently included in the jury's award for damages, was not within the formulation of issues set out in the pretrial order. Defendants point out there was no modification of the pretrial order in this regard and further argue that plaintiff "should have pled the exact amount of lost wages, earnings or income if he was claiming any." In his petition, plaintiff's allegations pertaining to damages read:

". . . [A]nd as a result thereof was prevented from transacting his business, suffered great pain of body and mind and incurred expenses for medical attention and hospitalization all to the damage of the Plaintiff in the total sum of Eight Thousand Five Hundred Dollars ($8,500.00)."

It appears to be defendants' contention that the allegations do not meet the requirements of K.S.A. 60-209 (*g*) which reads in pertinent part:

"When items of special damage are claimed, their nature shall be specifically stated. . . ."

The subsection in question is the same as the corresponding Federal Rule (Federal Rules Of Civil Procedure, Rule 9 [g]). In 5 Wright and Miller, Federal Practice And Procedure, Civil, Sec. 1311, concerning the rule, the authors comment:

"When special damages are sought in addition to the general damages that the law allows, the specific allegation requirement can be satisfied easily. . . ." (p. 448.)

We believe the allegation that plaintiff was prevented from transacting his business is broad enough to include loss of income.

Plaintiff points out that the language used in his allegation of damages is drafted from the language appearing in Form No. 14 of the Appendix of Forms following K.S.A. 60-269, p. 94, and that the Forms set out therein are declared to be sufficient in K.S.A. 60-268. We find no merit in defendants' contention in this regard.

Defendants next complain of instruction No. 14 concerning loss of income and the age of plaintiff. In the instruction the trial court erroneously stated plaintiff's age to be fifty-seven, when it was admittedly sixty at the time of trial, which was some two and one-half years after the injury. Defendants attempt to give significance to the misstatement of age in connection with permanent injuries. When the matter was called to the trial court's attention at the hearing on defendants' motion for a new trial the court commented:

"As to ground 2., the Court erred on plaintiff's age by stating it to be 57 rather than 61, his true age at the time of trial. As permanent injuries were not alleged and the damage instruction contained no wording referable to future pain and suffering, the alleged error appears to be harmless. . . ."

The record shows no specific objection by defendants to instruction No. 14 on this ground. Neither does the record reflect any testimony or argument concerning future pain, suffering or permanent disability. In his testimony plaintiff conceded that he had fully recovered from his injuries. Under such circumstances we fail to see how the jury's assessment of damages could have been enhanced or the defendants prejudiced by the inadvertent error with respect to plaintiff's age. If such could be said to be error it does not rise to the level of prejudice of substantial rights necessary for a reversal of the judgment. (*Patterson v. Burt*, 213 Kan. 463, 516 P. 2d 975.)

Defendants next complain of references to permanent injury and loss of income apparently made in plaintiff's final argument to the jury. Jury arguments are not reproduced in the record and the record discloses no objection made at trial. It is incumbent upon the appellant to include in the record on appeal any matter upon which he intends to base a claim of error. (*State v. Wilson & Wentworth*, 221 Kan. 359, 559 P. 2d 374, and cases cited therein.)

Defendants also complain that they were prejudiced by references to insurance liability. The record discloses no objection or motion for a mistrial in this regard. The only mention of insurance came during the direct examination of defendant McAloon

by defendants' counsel. When the matter was called to the trial court's attention on motion for a new trial, the court observed:

". . . That the defendant McAloon mentioned insurance on direct examination by defendant's attorney was not proper, but his counsel's question was so worded that counsel could and should have anticipated the answer. Neither party moved for a mistrial at the time and the Court let the matter pass without comment."

In *Langley v. Byron Stout Pontiac, Inc.*, 208 Kan. 199, 491 P. 2d 891, with reference to an inadvertent mention of insurance Mr. Justice Fromme speaking for the court stated:

". . . An examination of our cases on the subject indicates that when the mention of insurance during a trial is purely inadvertent and is not brought into the case by intentional misconduct of plaintiff's counsel prejudicial error has not been committed thereby. (See *Newell v. City Ice Co.*, 140 Kan. 110, 113, 34 P. 2d 558; *Thompson v. Barnette*, 170 Kan. 384, 227 P. 2d 120; *Caylor v. Atchison, T. & S. F. Rly. Co.*, 189 Kan. 210, 368 P. 2d 281; *Bott v. Wendler* [203 Kan. 212, 453 P. 2d 100].)" (p. 203.)

Defendants' final three points on appeal are directed at the sufficiency of the evidence. Defendants also claim that the uncontroverted evidence showed the proximate cause of the accident to be plaintiff's contributory negligence. Our scope of review in response to such contentions is limited. In the recent case of *Simpson v. Davis*, 219 Kan. 584, 549 P. 2d 950, the rule was stated by Mr. Justice Schroeder in these words:

"In ruling on a motion for a directed verdict pursuant to K.S.A. 60-250, the court is required to resolve all facts and inferences reasonably to be drawn from the evidence in favor of the party against whom the ruling is sought, and where the evidence is such that reasonable minds could reach different conclusions thereon, the motion must be denied and the matter submitted to the jury. . . ." (p. 589.)

There is evidence in the record that one of plaintiff's employees was on the porch and directly behind the truck when the lumber began to slide. There is also evidence that the plaintiff was behind the load at this time. Under such circumstances whether McAloon had a duty concerning the raising of the bed which would cause the lumber to slide in the direction of plaintiff and his employees, and whether such duty was breached, were jury questions.

Defendants argue that plaintiff was guilty of contributory negligence as a matter of law which would bar his recovery. They contend plaintiff had admitted his own contributory negligence in his answers to interrogatories Nos. 4 and 5:

"4. At the time the defendant, McAloon, raised the truck bed, were you standing where the material could slide against your leg and foot?

"Answer: No.

"5. After you saw the material slide, did you place yourself in a position where the material could slide against your leg?

"Answer: Yes, although I did not realize it at the time as I was trying to stop the material from sliding off the truck."

Defendants also rely on plaintiff's alleged admission in his cross-examination testimony:

"Q. So that as a matter of fact, the only person who could cause or prevent your injury was yourself; is that correct?

"A. In a matter of speaking, I guess that's right."

Under these facts plaintiff has admitted nothing which would be a bar to his recovery as a matter of law. In *Brooks v. Dietz*, 218 Kan. 698, 545 P. 2d 1104, we held:

"Admissions of a party are binding and conclusive on him when uncontradicted and unexplained, but when relied on to establish negligence or assumption of the risk as a matter of law the facts revealed thereby and inferences to be drawn therefrom must be viewed in the light most favorable to the party making the admissions. If reasonable minds might differ as to whether the party's admitted conduct, viewed in that light, is unreasonable under all the circumstances, the issue must go to the jury." (Syl. 7.)

Plaintiff testified that when he grabbed the lumber he thought he could keep it from sliding. He also stated that had the bed been stopped at that point and then lowered, he could have held the lumber on the truck. In view of the fact that James Weeks was in a position to be struck by the sliding lumber, it cannot be said that plaintiff's attempt to stop the lumber from sliding was unreasonable as a matter of law. In *Brock, Administrator v. Peabody Cooperative Equity Exchange*, 186 Kan. 657, 352 P. 2d 37, we said:

"It is not contributory negligence for a person to risk his life or place himself in a position of great danger in an effort to save the life of another or to rescue another from a sudden peril or great bodily harm. The law has so high a regard for human life that it will not impute negligence to an effort to preserve it unless made under such circumstances as to constitute rashness in the judgment of prudent persons." (p. 661.)

It appears the jury considered that defendant McAloon was negligent in raising the truck bed to a level which caused the particle board to slide after he had been warned not to raise it very

high. When the particle board started to slide, plaintiff thought he could hold it, but was unable to do so and as a consequence he was injured. Mere knowledge of the danger of doing a certain act without a full appreciation of the risk involved will not preclude a plaintiff's recovery even though there may be added to the knowledge of danger a comprehension of some risk. (*Autry v. Wallis I.G.A. Foodliner, Inc.*, 209 Kan. 424, 497 P. 2d 303; *Shufelberger v. Worden*, 189 Kan. 379, 369 P. 2d 382; *Nave v. Hixenbaugh*, 180 Kan. 370, 304 P. 2d 482; and *Wainscott v. Carlson Construction Co.*, 179 Kan. 410, 295 P. 2d 649.)

The reasonableness of plaintiff's actions under the circumstances was a proper question for the jury and the record shows substantial competent evidence to support its verdict.

The judgment is affirmed.