No. 48,720

WAYNE E. STINGLEY, *Appellee,* v. INTERPACE CORPORATION, *Appellant.*

(575 P.2d 526)

Opinion filed February 25, 1978.

*John J. Adler,* of Overland Park, argued the cause, and *Donald L. Zemites, Leslie A. White, W. E. Winbigler,* and *Bryan Nelson,* all of Overland Park, were with him on the brief for the appellant.

*John Anderson, Jr.,* of Overland Park, argued the cause and *John H. Fields,* of Kansas City, was with him on the brief for the appellee.

*Per Curiam:* This is a negligence action brought to recover damages for personal injuries wherein the jury returned a verdict for the plaintiff-appellee in the amount of $200,000.00.

The plaintiff was a truck driver. On February 22, 1969, he was operating an eighteen-wheel tractor-trailer on a consignment haul for Grainbelt Transportation Company. The shipment was from defendant Interpace Corporation, Kansas City, Kansas, to Tulsa, Oklahoma, and consisted of two concrete tubes weighing a total of 37,000 pounds. On the date of the accident the plaintiff checked all tires for air pressure, adding 3 or 4 pounds per tire to achieve the 90-95 pounds normal pressure. He then went to Grainbelt to pick up his shipment papers and proceeded to the Interpace yards. An Interpace fork-lift operator loaded the tubes onto the trailer without incident. They were placed in cradles and chained down. Plaintiff then proceeded a short distance to a weigh station where he learned that the truck was unevenly loaded with the weight on the rear axles being in excess of the legal limit. He returned to Interpace to have the load moved forward. A different Interpace fork-lift operator assumed this task. In changing the load, the heavier tube dropped onto the flatbed and off the end of the forks. Considerable difficulty was encountered in attempting to place the forks under the tube. In the process the truck itself was pushed sideways by the force from the fork-lift. The truck's marker lights were broken by the impact from the fork-lift. After the loading plaintiff returned to the service station. At that time plaintiff again checked the tires and noticed an inside tire on the trailer had only 53 pounds of air. He could not get to the valve stem without removing the outside

tire. After removing the outside tire he put approximately 20 pounds of air in the inside tire. When he attempted to bring the tire pressure up to 90 pounds the lock ring came off the wheel assembly, struck the plaintiff in the head with great force, and caused severe injury to him. This action resulted therefrom.

The plaintiff contended that the lock ring came off as a result of the negligence of the defendant in the reloading process. The defendant contended that the lock ring came off due to the negligence or contributory negligence of plaintiff in failing to use adequate safeguards. The defendant further contended that it was not negligent, that the risk to plaintiff was not foreseeable, and that the injury was due to equipment failure in the wheel assembly resulting from causes other than any acts of defendant.

On appeal defendant raises a number of claims of error. It contends that it was error to allow the testimony of expert George Forman. This witness is the head of the Mechanical Engineering Department at Kansas University. Mr. Forman listened to the testimony of plaintiff and his brother (a witness to the accident) before he, himself, was called to testify. The lock ring involved was not preserved after the incident. Mr. Forman testified he had examined similar or identical wheel assemblies. Defendant contends that such testimony is in contravention of K.S.A. 60-456(*b*) as follows:

"If the witness is testifying as an expert, testimony of the witness in the form of opinions or inferences is limited to such opinions as the judge finds are (1) based on facts or data perceived by or personally known or made known to the witness at the hearing and (2) within the scope of the special knowledge, skill, experience or training possessed by the witness."

Defendant contends that the testimony should have been excluded as the witness did not see the actual rim and snap ring in question. These items were not available.

"Where the facts and data are not perceived by or personally known by the witness, they must be supplied to the witness so that he is aware of them at the time he testifies. This may be done by having him attend throughout the trial; but it is certainly much more common, and just as proper, for counsel to provide the witness with the factual background prior to the time he expresses his opinion. The facts made known to him and upon which his opinion is based should, of course, be in evidence; as we said in *Casey v. Phillips Pipeline Co.,* [199 Kan. 538, 546, 431 P.2d 518], 'made known' as used in K.S.A. 60-456(*b*) refers to facts put in evidence. Before stating his opinion, the witness may be examined concerning the data upon which the opinion is founded, if the judge so requires, and upon cross-examination the witness may be required to state the data which he has

considered. K.S.A. 60-457, 458." (*Chandler v. Neosho Memorial Hospital,* 223 Kan. 1, 6, 574 P.2d 136.)

After carefully reviewing the testimony of the witness we find the court did not abuse its discretion in permitting the testimony.

The defendant next contends that the plaintiff's injuries were proximately caused by his own negligence and that the plaintiff was contributorily negligent as a matter of law. Defendant claims error in overruling its various motions for summary judgment, directed verdict, etc., on this issue.

Defendant asserts contributory negligence in that the plaintiff was present when the truck was loaded and knew of the jostling and yet failed to take care when inflating the tire. A defense expert said that both tires should have been deflated before either was removed and then put in a safety cage to be inflated.

Plaintiff testified that he had never studied rules for changing tires and that he was not aware of any danger. A rebuttal plaintiff witness testified that drivers did not normally remove the air from tires before putting more in and that cages were used only when tires were first assembled or were being re-inflated after repair.

"Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection and which is the legally contributing cause, cooperating with the negligence of the defendant, in bringing about the plaintiff's harm. It is conduct which falls short of the standard to which a reasonable man should conform in order to protect himself from harm." (*Simpson v. Davis,* 219 Kan. 584, Syl. 2, 549 P.2d 950.)

"Mere knowledge of the danger of doing a certain act without full appreciation of the risk involved is not sufficient to preclude a plaintiff from recovery, even though there may be added to the knowledge of danger a comprehension of some risk.

"The question whether a plaintiff is guilty of contributory negligence must be submitted to a jury, if the facts of record are such that reasonable minds, in the exercise of fair and impartial judgment, might reach different conclusions thereon." (*Frevele v. McAloon,* 222 Kan. 295, Syl. 6, 7, 564 P.2d 508.)

Defendant relies on *Bass v. Firestone Tire and Rubber Co.,* 497 F.2d 1223 (2nd Cir. 1974), in which a plaintiff was held contributorily negligent when injured by a truck tire he was inflating. The *Bass* case may be distinguished in that the plaintiff had just assembled the wheel, rather than it having been already on the truck and in use as in the case at hand.

The reasonableness of plaintiff's actions under the circumstances was a proper question for the jury.

The defendant next claims that the injuries to plaintiff could

not have been foreseen by defendant. This point is considered and found to be without merit.

Defendant objects to instructions 16a and 16b and the refusal of the court to give its requested instructions 16 and 17. After a review of the record we find that the court's instructions were proper and that there was no error in failing to give the requested instructions.

The plaintiff presented substantial competent evidence supporting his claim that his injuries were caused by the defendant's negligence. The defendant presented substantial competent evidence to the contrary. The jury, as the trier of fact, had the task of weighing the evidence so presented and determining the facts. We find the verdict in favor of plaintiff in the sum of $200,000.00 was supported by substantial competent evidence and will not be disturbed on appeal.

The judgment is affirmed.