No. 50,234

SHARON ANN WHITE, for herself and as mother and next friend of STEPHANIE ANN WHITE and SHANNA DAWN WHITE, both minors, *Appellees*, v. NEW HAMPSHIRE INSURANCE COMPANY; IMCO, INCORPORATED; and ROBERT G. PENDLETON, *Appellants*.

(607 P.2d 43)

Opinion filed March 1, 1980.

*Randall D. Palmer*, of Pittsburg, argued the cause and was on the brief for the appellants.

*Clement H. Hall*, of Hall, Levy, Lively & Viets, of Coffeyville, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: The defendants appeal from the verdict and judgment in this wrongful death action. Plaintiffs are the survivors of Stephen White, who died as the result of a car-truck collision near Independence, Kansas on December 23, 1976. The truck was owned by defendant IMCO, Inc., driven by its employee, defendant Pendleton, and insured by defendant New Hampshire Insurance Company. The jury found the defendants sixty per cent negligent, found the decedent forty per cent negligent, and returned a total verdict of $224,150, resulting in judgment in favor of the plaintiffs of $134,490.

Eight issues are raised in the appellants' brief. Some of these overlap, and some include several points. We will enumerate and discuss the various issues presented later in this opinion.

The collision which gives rise to this action occurred on Tenth Street Road between Independence and Coffeyville about 6:15 o'clock p.m. on December 23, 1976. The decedent, Stephen White, was driving his Chevrolet Vega in a southerly direction;

the truck, a White Freightliner pulling a trailer loaded with sheet metal, and having a total vehicle and load weight in excess of thirty-five tons, was being driven in a northerly direction by defendant Pendleton. The two vehicles collided almost head-on in the west or south-bound lane, with the Vega being pushed north over one hundred feet. The exact path each vehicle followed immediately prior to the accident was in sharp dispute. Defendants claim that the Vega was off the road on the east, on the north-bound shoulder, when it was first observed by the defendant truck driver; the Vega veered onto the traveled portion of the road and into the path of the oncoming truck, causing the truck to swerve into the west or south-bound lane. Plaintiffs claim that the decedent was south bound in his right-hand lane, and that the truck failed to keep to the east half of the road and was traveling in the west or south-bound lane of the roadway prior to and at the time of the collision. Other facts will be developed later in this opinion as may become necessary.

This action was commenced by the plaintiffs, Sharon Ann White, for herself and as mother and next friend of the two minor daughters of the decedent, early in February, 1977. An extensive pretrial conference was held and concluded on December 2, 1977; shortly thereafter the case was set for trial on January 9, 1978. Counsel for the plaintiffs prepared a proposed draft of the pretrial order; this was not received by counsel for the defendants until January 3, 1978. A continuance of trial was requested, and was granted on January 5; the trial court advanced the trial date to January 16. On January 5 the trial court also considered some of defendants' objections to the pretrial order; the matter was continued until January 13, when a hearing was held on defendants' objections to the pretrial order. At the conclusion of that hearing, the pretrial order was settled, signed and filed.

I

Defendants first complain of various errors in the pretrial proceedings. Pretrial conferences are governed by K.S.A. 60-216, patterned after Rule 16 F.R. Civ. P. and our Rule No. 140 (224 Kan. lxvii). The statute provides for the entry of a pretrial order which "controls the subsequent course of the action." Rule 140 provides that the conference shall be held at least two weeks before trial, and either the court or designated counsel shall prepare the order. If counsel objects to the proposed order, the

objection and the proposed order must be submitted in writing to the court within ten days.

The order in this case was prepared by plaintiffs' attorney at the direction of the court. The original pretrial conference was taken by the court reporter, and a transcript of that hearing was not completed until December 29. Plaintiffs' counsel immediately prepared the proposed order, which was received by counsel for the defendants on January 3. On the tenth day thereafter, January 13, the trial court considered defendants' written objections to the proposed order, heard both counsel, and resolved the matter.

Appellants object to the timing of the pretrial conference. From the facts previously recited it is apparent that the conference was held more than thirty days prior to trial. The rule does not provide a time limitation for finalization of the order; the critical time periods, conference more than two weeks before trial, and objections within ten days after the proposed order is received, were met.

Appellants contend that the court erred in refusing to permit the defendants to include some additional photographs as exhibits. These were first offered on January 13, two days prior to trial. They were enlargements of portions of photographs already in evidence. The enlargements were not disclosed at the original pretrial conference, held on December 2, nor was opposing counsel or the court advised that defendants intended to offer such enlargements. The refusal of a trial court to permit a party to offer additional exhibits not disclosed at pretrial is discretionary, and absent a showing of prejudice or abuse of discretion the trial court's ruling will not be disturbed.

Appellants complain of the trial court's refusal to require the plaintiffs to select and designate character witnesses prior to trial. Plaintiffs originally listed twelve character witnesses; the defendants objected vigorously, and sought to have the court limit the number to three, and to require the plaintiffs to select the three before trial. The trial court granted the first request, and limited the character witnesses to three; but the trial court did not require plaintiffs to designate which three of the twelve listed witnesses would be called. These witnesses were friends and acquaintances of the plaintiffs and the deceased, who testified merely as to the deceased's employment, his income, his family responsibilities, and the like. There is no showing that defend-

ants were surprised by the testimony of the three witnesses called. The testimony was not critical, like that of an eyewitness or an expert. The matter requiring an advance choice was a discretionary one, and we find no abuse of discretion and no prejudice.

Next, appellants extensively complain with respect to the order regarding an expert witness for the plaintiffs, Hal Cook. Defendants contend that they were prevented from deposing the witness, because of certain rulings of the trial court. The witness was not called by the plaintiffs and did not testify; objections to the court's ruling are thus without substance.

Finally, defendants contend that the trial court erred in failing to grant a lengthy continuance after the pretrial order was resolved, in order to give defendants additional time to prepare for trial. The record indicates that counsel were given over thirty days' notice of the original trial setting; the continuance of one week was granted at the request of defendants' counsel. The trial record certainly does not reflect any lack of preparation. In the absence of any showing of prejudice, we find no error.

## II

Defendants contend that the court erred in refusing to allow testimony concerning intoxication of the decedent; they claim that this resulted in the suppression of evidence. During the pretrial conference on December 2, we find the following discussion:

"MR. HALL: Now, wait a minute. Is there any contention on your part that the decedent was intoxicated or driving under the influence of liquor?

"MR. PALMER: No, we're not . . . ..

. . . .

"MR. HALL: Well, I thought perhaps there would be an attempt on your part to show that Mr. White was under the influence of liquor, intoxicated or something of that sort. You're not going to do that?

"MR. PALMER: Didn't I just state that, Mr. Hall? I thought I just stated that.

"MR. HALL: All right. Very good."

Defense counsel objected to the recitation in the pretrial order that "[t]he parties stipulate that there will be no contention on the part of either and no attempt to introduce evidence on the part of either to show that either defendant Pendleton or decedent Stephen White were intoxicated at the time of the collision."

Clearly, defendants stipulated that there was no issue as to intoxication of the decedent. The defendants offered no evidence

of the decedent's intoxication upon trial; no proffer of such evidence was ever made; no such evidence was ever disclosed to the trial court; and no such evidence was disclosed to this court on oral argument. If the defendants contended that the decedent was intoxicated, they had a duty to disclose that claim at the pretrial conference. The trial court did not err in including the stipulation of counsel in the pretrial order, and it did not err in excluding evidence of intoxication since none was ever offered.

### III and IV

These issues have been included within issue I, above, and need no further discussion.

### V

Defendants contend that the trial court erred in failing to direct a verdict since the plaintiffs failed to prove negligence on the part of the defendants, and the plaintiffs failed to meet the required burden of proof. The motion for a directed verdict was sought by the defendants on the basis that there was no evidence that decedent's car was struck while on its proper side of the highway. The evidence indicated a gouge mark on the surface of the highway, west of the center line; witnesses, including defendants' expert, placed the point of impact in the south-bound lane of travel. Defendants' driver testified that he saw the Vega when it was seven or eight hundred feet away; he did not slow the truck, but attempted to "try to drive through the accident." Another motorist, who was following the truck, saw no indication that the Vega was anywhere other than in its proper lane of travel. Further, investigating officers were unable to locate any physical evidence indicating that the Vega had been where the truck driver said it was—on the east shoulder or in the east, or north-bound lane—prior to impact.

The rule governing both trial and appellate courts, in ruling upon motions for directed verdict, is set forth in *Frevele v. McAloon*, 222 Kan. 295, Syl. ¶ 5, 564 P.2d 508 (1977):

"In ruling on a motion for directed verdict pursuant to K.S.A. 60-250, the court is required to resolve all facts and inferences reasonably to be drawn from the evidence in favor of the party against whom the ruling is sought, and where the evidence is such that reasonable minds could reach different conclusions thereon, the motion must be denied and the matter submitted to the jury. The same basic rule governs appellate review of a motion for a directed verdict. (Following, *Simpson v. Davis*, 219 Kan. 584, Syl. 3, 549 P.2d 950.)"

This was a fact case. Pendleton, driving the truck, gave his

version to the jury; the physical facts did not support his testimony. The evidence was such that reasonable minds could reach different conclusions. We conclude that the trial court did not err in overruling the motion for a directed verdict. There was no failure of proof on the part of the plaintiffs.

## VI

Defendants complain of a remark made by the trial judge during the testimony of Kenneth Razak, defendants' reconstruction expert. An objection was lodged to his testimony "as invading the ultimate question in the case and the province of the jury." The trial court overruled that objection, saying:

"THE COURT: Well, I think he's qualified as an expert and I'll permit him to answer. It doesn't necessarily mean he's infallible. That's his opinion based upon what he knows.

"MR. PALMER: We understand that, Your Honor.

"THE COURT: Only the Almighty knows exactly what happened.

"THE WITNESS: You are not classifying me in that category, I presume?

"MR. PALMER: I hope not."

Although a trial judge should refrain from remarks which may excite prejudice in the minds of jurors, the "mere possibility of prejudice from a remark of the judge is not sufficient to overturn a verdict or judgment, and, where a construction can properly and reasonably be given to a remark which will render it unobjectionable, it will not be regarded as prejudicial." *Plains Transport of Kansas, Inc. v. Baldwin,* 217 Kan. 2, 10, 535 P.2d 865 (1975). The exchange did not invade the province of the jury or deprive defendants of a fair trial. An unobjectionable construction can be given to the remark: It only repeats common knowledge and supports the court's rationale in ruling upon the objection. The trial court in this case also gave a specific instruction to the jurors, stating that:

"Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to interpose any opinion or suggestion as to how I would resolve any of the issues of this case."

Although the judge's comment was unnecessary, it does not constitute prejudicial error. In their brief, appellants indicate the presence of judicial hostility toward the defendants throughout the trial; this allegation is not substantiated by additional references to the record, and we find nothing in the trial record to support the claim.

## VII

Appellants claim error in the admission or exclusion of certain testimony. They contend that it was error for the trial court to permit the plaintiffs to offer background evidence as to the decedent's family, employment, and character, and to restrict the testimony regarding defendant Pendleton's background, personal life, and character. The evidence of the decedent's background was relevant and admissible upon the damage issue; similar evidence regarding the surviving driver, Pendleton, was not relevant on any issue. Pendleton's character and credibility was not attacked, and evidence of his good character and credibility was not relevant to the issues being tried. Further, the matter was not raised at trial. We find no error.

Defendants also object to the testimony of Harley Cox, a retired Southwestern Bell Telephone Company employee, who testified that Bell had a retirement plan for its employees, which required thirty years of service and fifty years of age as prerequisites for benefits. The decedent had been employed by Southwestern Bell for four years and was 29 years of age at the time of his death. No testimony as to the amount of any possible pension was presented. The testimony was presented merely to show that had the decedent lived, he could have become entitled to pension benefits. At most, the admission of this evidence was harmless error.

Appellants contend that it was error for the trial court to permit the plaintiff to recall Gerry Harding as a rebuttal witness, and to permit him to testify concerning the location of gouge marks on the accident report which he prepared, and to point out the gouge mark on the Razak diagram. The Razak diagram was not in evidence at the time Harding initially testified. We find no error.

## VIII

The defendants contend that the trial court erred in its jury instructions by failing to give an "issues" instruction and by giving an erroneous instruction on rules of the road. No instruction similar to PIK Civ. 6.01, defining the issues, was given. Apparently this was an oversight on the part of the court and of counsel. This omission was not called to the judge's attention before the case was submitted to the jury. The issues were, of course, fully argued by counsel, both in their opening statements and in their closing arguments. The situation is similar to that which was before us in *Lucas v. Pearce,* 223 Kan. 749, 576 P.2d

670 (1978). As in *Lucas,* we agree that the failure to give an issues instruction was error. The matter was raised for the first time in the motion for new trial. Upon a review of the entire record, however, we conclude that the issues were fully presented to the jury and that substantial justice was done. We find no prejudicial or reversible error.

Finally, defendants contend that it was error for the trial court to instruct the jury that the purposes and object of rules of the road are to avoid accidents, but "[t]he fact a motorist is on the proper side of the road does not entitle him to make an unreasonable use thereof nor relieve him of the duty to exercise due care to avoid injury to others, including those who may be on the wrong side of the road."

The instruction follows the rules laid down in *DeGraw v. Kansas City & Leavenworth Transportation Co.,* 170 Kan. 713, 228 P.2d 527 (1951), followed in *Morris v. Hoesch,* 204 Kan. 735, 466 P.2d 272 (1970). The instruction as given did not misstate the law, and was as applicable to the decedent as it was to defendant Pendleton. The instruction was not erroneous.

The judgment is affirmed.